**BANK OF ACWORTH**

v.

**FIREMEN'S INSURANCE CO. OF NEWARK, NEW JERSEY.**

Civ. A. No. 16068.

United States District Court,
N. D. Georgia,
Atlanta Division.

March 20, 1972.

Gettle, Jones & Fraser, Atlanta, Ga., for plaintiff.

Swift, Currie, McGhee & Hiers, Atlanta, Ga., for defendant.

ORDER

O'KELLEY, District Judge.

Pursuant to Rule 12(b) F.R.Civ.P., the defendant moves the Court to dismiss the Complaint on the grounds that it fails to state a claim upon which relief can be granted. In the alternative, the defendant moves the Court to strike from the plaintiff's Complaint, Paragraph 18, Count I in its entirety upon the ground that the costs and attorney's fees alleged therein are not recoverable in an action on a bond in the State of Georgia.

The facts of the case appear to be uncontroverted. On May 25, 1969, defendant company executed and delivered to the plaintiff bank a fidelity bond, called a Banker's Blanket Bond, in consideration of a paid premium in the amount of six thousand two hundred twenty-two dollars ($6,222.00). Under the terms of the fidelity bond, the defendant agreed and undertook to indemnify the plaintiff against the loss of any money and/or property not to exceed three hundred thousand dollars ($300,000.00) through

any dishonest, fraudulent or criminal act of any of the plaintiff's employees.

During the effective period of the bond, one Ray T. Carlisle (hereinafter Carlisle), plaintiff's executive vice-president, fraudulently executed certain loans on behalf of the plaintiff. The first such loan was made ostensibly in favor of Consolidated American Mortgage Corporation (hereinafter Consolidated) in an aggregate amount of ninety-two thousand five hundred dollars ($92,-500.00). Carlisle knew or should have known that this loan was in excess of the plaintiff's legal limits and that the collateral accepted was of insufficient value for said loan. Carlisle attempted to conceal this loan from the plaintiff and falsely represented the amount of collateral to the plaintiff.

Two other loans were fraudulently executed by Carlisle on behalf of the plaintiff while the bond was in effect. These loans were made ostensibly in favor of Carlisle's wife, but he retained possession of the proceeds of said loans in the amount of six thousand five hundred dollars ($6,500.00).

The plaintiff first discovered the circumstances surrounding said loans on February 22, 1971, and an investigation of the loans made to Consolidated was begun. Thereafter a demand was made of Consolidated's agent for additional collateral to cover the loans. No additional collateral was furnished by Consolidated and the plaintiff bank called its loans due and payable. Consolidated made no payment on these loans.

On March 30, 1971, the plaintiff furnished defendant with written notice of the loss and on June 11, 1971, the plaintiff furnished defendant with an affirmative proof of loss with full particulars as was required under the terms of the fidelity bond. The defendant refused payment of the plaintiff's claim. Thereupon, the plaintiff filed suit against the defendant in the Superior Court of Cobb County, Georgia for the amount of its claim, plus a 25 percent "bad faith" penalty and attorney's fees.

The defendant obtained the removal of that action to this Court and now comes before the Court with motions to dismiss and to strike.

■ In dealing first with the motion to dismiss, it appears that the defendant's main argument is that the Blanket Bond created a contract of suretyship and that notice provisions in contracts of suretyship are conditions precedent to the surety's obligation thereunder. Therefore, the defendant reasons that the plaintiff's failure to notify the defendant earlier than it did, precludes its recovery on this bond.

The Court cannot agree with the defendant's theory that this is a suretyship situation, but rather finds that this is a case dealing with insurance law. The language of the bond itself reflects the language of an insurance contract as it refers in various places to the "insured," the "insurance," the "underwriter," and the "policy." A study of the terms used also makes it clear that by the bond the defendant company intended to insure the fidelity of the plaintiff's employees and that the defendant company agreed to indemnify the plaintiff for any loss resulting from fraudulent or criminal acts by its employees. Such an undertaking clearly represents an agreement for fidelity insurance.

■ Under the law of fidelity insurance, it has generally been held that where a fidelity bond requires notice of loss "immediately," "at the earliest practicable moment," "as soon as possible," or, as in the instant case, "as soon as practicable" after discovery thereof, notice within a reasonable time, under all circumstances satisfies the requirement. Fidelity & Deposit Co. v. Courtney, 186 U.S. 342, 22 S.Ct. 833, 46 L.Ed. 1193 (1902); State Farm Mutual Automobile Ins. v. Coleman, 441 F.2d 329 (5th Cir. 1971). The question in the instant case then becomes whether the plaintiff bank provided notice within a reasonable time in light of all of the circumstances of the case. The Court is of the opinion that such a question as this is not prop-

erly disposed of by a motion to dismiss for failure to state a claim. For that reason, the Court hereby denies the defendant's motion to dismiss.

The defendant also moves to strike from the plaintiff's Complaint, Paragraph 18 of Count I on the ground that such costs and attorney's fees are not recoverable in an action on a bond in Georgia. The Court, being of the opinion that the bond in question created a fidelity insurance contract, cannot agree with the defendant's reasoning. If a fidelity bond is considered a contract of fidelity insurance, it must be governed by insurance law. Therefore, § 56–1206 Ga.Code Ann. is applicable and the plaintiff is entitled to seek damages and attorney's fees. For that reason, the Court hereby denies the defendant's motion to strike.