GENERAL ELECTRIC COMPANY *vs.* LEXINGTON CONTRACTING CORPORATION & another.

Norfolk. September 13, 1972. — February 15, 1973.

Present: REARDON, QUIRICO, BRAUCHER, HENNESSEY, & WILKINS. JJ.

*Bond,* Limitation provision. *Insurance,* What constitutes insurance contract, Bond. *Limitations, Statute of.*

A provision in a surety bond barring any action on it after one year "following the date on which the Principal ceased work . . ." was not rendered ineffective by restrictions imposed by G. L. c. 175, §§ 22 and 187A, applicable to insurance policies. [123–124]

A plaintiff, whose action to recover on a surety bond was barred by a time limitation in the bond itself, was not aided by G. L. c. 260, § 32, which extends, in certain cases, limitations imposed by statute. [124]

CONTRACT. Writ in the Superior Court dated November 16, 1965.

The action was tried before *Tomasello,* J.

*David Berman* for the plaintiff.

*Samuel H. Cohen & Avram G. Hammer,* for New Amsterdam Casualty Company, submitted a brief.

HENNESSEY, J. In this action commenced in the Superior Court under G. L. c. 149, § 29A, the General Electric Company (plaintiff) seeks to recover on a surety bond executed by the defendant, New Amsterdam Casualty Company (New Amsterdam). The defendant, Lexington Contracting Corporation (Lexington), the principal

on the bond, failed to appear in the action and a default judgment was entered against it. The plaintiff excepted to the judge's allowance of New Amsterdam's motion for a directed verdict. The case is before us on the plaintiff's bill of exceptions.

The sole issue raised by the bill of exceptions is whether the failure of the plaintiff to bring the action within a one year limitation provision in the bond bars recovery upon the bond. If the action was so barred, then the judge's ruling in allowing New Amsterdam's motion for a directed verdict was correct.

Lexington contracted to construct an apartment building for the Falmouth Investment Trust (owner). Lexington then procured a labor and material payment surety bond from New Amsterdam and delivered it to the owner. The plaintiff furnished Lexington electrical appliances, equipment and materials for the apartments during March and April, 1964. In June, 1964, the plaintiff notified New Amsterdam that it was an unpaid creditor and on February 17, 1965, the plaintiff brought an action for damages in the amount of $10,613.90 in the United States District Court for the District of Massachusetts against Lexington and New Amsterdam. On November 8, 1965, the complaint was dismissed for lack of subject matter jurisdiction, there being no diversity of citizenship among the parties. On November 16, 1965, the plaintiff brought the present action in the Superior Court in Norfolk County. Lexington was defaulted and thereafter trial of the case against New Amsterdam commenced before a jury.

New Amsterdam's answer interposed the affirmative defence that the plaintiff's action was barred by a provision in the bond specifying that "No suit or action shall be commenced hereunder by any claimant . . . [a]fter the expiration of one (1) year following the date on which Principal ceased work on . . . [the] Contract . . . ." The parties agree that work on the apartment ceased prior to November 16, 1964, more than one

year before the action was brought in the Superior Court. The plaintiff contends that G. L. c. 175, § 22 [1] and § 187A, [2] make this action timely despite the limitation of the bond. We do not agree. The sections relied upon are by their own terms applicable to policies of insurance, as defined in G. L. c. 175, § 2. A surety bond is by the same chapter not an insurance contract as defined in § 2. G. L. c. 175, § 107. Hence, even though the action was brought within one year of the dismissal by the Federal Court, and even though the action was brought within two years, the limitation provision of the bond remains a bar to this action.

General Laws c. 260, § 32, is of no assistance to the plaintiff because, although that statute provides for an extension of time for the commencement of an action in certain circumstances, the statute applies only where the limitation is imposed by statute and not, as in this case, by contract. [3] *Lewis* v. *Metropolitan Life Ins. Co.* 180 Mass. 317, 319. The case of *Eliot Natl. Bank* v. *Beal,* 141 Mass. 566, upon which the plaintiff relies, is clearly distinguishable from the case before us.

*Exceptions overruled.*

---

[1] Section 22 reads, in part: "No company . . . shall make, issue or deliver any policy of insurance . . . containing any condition . . . limiting the time for commencing actions against it to a period of less than two years from the time when the cause of action accrues."

[2] Section 187A reads, in part: "If a suit or action on a policy of insurance, duly commenced within the time limited by any valid clause of such policy . . . [is abated] suit or action may be commenced at any time within one year after . . . the abatement."

[3] Section 32 reads: "If, in an action duly commenced within the time limited in this chapter, the writ fails of a sufficient service or return by reason of an unavoidable accident or of a default or neglect of the officer to whom it is committed, or if the writ is abated or if the action is otherwise avoided or defeated by the death of a party thereto or for any matter of form, or if, after a verdict for the plaintiff or demandant, the judgment is arrested, or if a judgment for the plaintiff or demandant is reversed, the plaintiff or demandant or any person claiming under him may commence a new action for the same cause within one year after the abatement or other determination of the original action, or after the reversal of the judgment; and if the cause of action by law survives, the executor or administrator of the plaintiff or the heir or devisee of the demandant may commence such new action within said year."