**ROSSI SHEET METAL WORKS and E. L. Fielding Electric, Inc.**

v.

**AMERICAN EMPLOYERS INSURANCE CO.**

Civ. A. No. 76–0483.

United States District Court, D. Rhode Island.

May 11, 1977.

Thomas W. Heald, Providence, R. I., for plaintiffs.

David E. Shipley and Peter J. McGinn, Providence, R. I., for defendant.

## MEMORANDUM AND ORDER

PETTINE, Chief Judge.

This action by subcontractors on a surety bond was removed here by defendant on grounds of diversity of citizenship, and defendant now moves that the case be dismissed on the grounds that a clause in the bond limits suits to the Massachusetts courts. Plaintiffs urge that the motion to dismiss be denied, or, in the alternative, that the case be remanded. The remand motion and the dismissal motion stem from differing interpretations of the legal effect of the terms of the bond. That instrument, executed by defendant and the general contractor for a construction project located in Brockton, Massachusetts, was given to protect the owner of the project from any failure on the part of the general contractor to pay its laborers and its suppliers of materials. The bond gives laborers and suppliers the right to sue defendant directly for the unpaid obligations to them incurred by the contractors, provided certain conditions are met, including a requirement that all suits be brought in the county court where the

project is located or the corresponding federal district court (which in this case would mean Plymouth County, Massachusetts, Superior Court or the United States District Court for the District of Massachusetts).

Defendant contends that this provision is valid and enforceable and that plaintiffs' failure to follow it requires dismissal. Plaintiffs urge that the restriction should not be enforced, a solution that would leave the case in this Court. In the alternative, plaintiffs argue that if the restriction in the bond is valid, venue was not properly laid in Rhode Island Superior Court and, accordingly, that the case could not have been validly removed to this Court and must now be remanded to Rhode Island Superior Court. *See Weeks v. Fidelity & Casualty Co.,* 218 F.2d 503 (5th Cir. 1955).

■■■ At the outset, the Court must narrow the options proposed by the parties to exclude remand for lack of jurisdiction. It is true that "[if the] state court lacked jurisdiction, so too does the federal court", *Leesona Corp. v. Concordia Manufacturing Co.,* 312 F.Supp. 392, 396 (D.R.I.1970), and it is probably also true that if venue is improperly laid at the state level the federal court, upon removal, is without jurisdiction, *see Still v. Missouri Pacific Railroad Co.,* 335 F.Supp. 78, 80 (N.D.Okl.1971). However, the Court cannot agree that venue was improperly laid in Rhode Island Superior Court. Venue in the Rhode Island courts is determined by statute, *see* R.I.G.L. §§ 9–4–2 to 9–4–6 (Supp.1976), and not by agreement between litigants. Assuming that the agreement in the present case is valid, ". . . it merely constitutes a stipulation in which the parties join in asking the court to give effect to their agreement by declining to exercise its jurisdiction", *Central Contracting Co. v. Maryland Casualty Co.,* 367 F.2d 341, 345 (3d Cir. 1966). Since venue was properly laid in Superior Court for Providence County, *see*

R.I.G.L. § 9–4–3 (Supp.1976), removal here was proper.

Since the case is properly here, the Court must decide whether it may stay here or, assuming the agreement to bring suit on the bond only in Massachusetts is binding on plaintiffs, whether the case must be dismissed or transferred to the United States District Court for the District of Massachusetts.

■■■ The Court concludes that the agreement is binding on plaintiffs. Massachusetts law * provides that thirdparty claimants on a surety bond may bring suit against the surety only in accordance with the provisions of the surety bond. M.G.L.A. ch. 149 § 29A (Supp.1977); *see General Electric Co. v. Lexington Contracting Corp.,* 363 Mass. 122, 292 N.E.2d 874 (1973). It is undisputed that the bond at issue in this case clearly provides that suit may be brought only in the county where the construction project is situated or in the United States District Court for the district in which the project is situated. It is likewise uncontroverted that the construction project was located in Plymouth County, Massachusetts. It follows that plaintiffs had no right under the bond and controlling Massachusetts law to bring this action in a Rhode Island court, state or federal.

■■■ As an alternative to dismissal, the Court has the power under 28 U.S.C. § 1404 (1970), to transfer this case to the United States District Court for the District of Massachusetts. However, in view of the fact that this same controversy is being litigated between the parties in Massachusetts Superior Court, and that plaintiffs do not urge transfer as a solution, transfer to the Massachusetts federal forum is deemed inappropriate and the only remaining option is to dismiss the case.

---

* Defendant surety company's uncontroverted affidavit indicates that this bond was executed and delivered in Massachusetts. The project was located there. The Court sees no reason why Massachusetts Law should not apply to the terms of the bond. *See A. C. Beals Co. v.* *Rhode Island Hospital,* 110 R.I. 275, 286, 292 A.2d 865, 870–71 (1972); *American Surety Co. v. Independent School District No. 18,* 53 F.2d 178, 181 (8th Cir. 1931), *cert. denied,* 284 U.S. 683, 52 S.Ct. 200, 76 L.Ed. 577 (1932).

In accordance with the foregoing, judgment of dismissal will be entered in favor of defendant.