FIRST FEDERAL BANK, F.S.B., Plaintiff,

v.

HARTFORD ACCIDENT AND INDEMNITY COMPANY, Defendant.

No. CIV 90–4172.

United States District Court, D. South Dakota, S.D.

May 7, 1991.

Nancy L. Cameron, St. Paul, Minn., for plaintiff.

Paul T. Barnett, Sioux Falls, S.D., R.D. Blanchard, Minneapolis, Minn., for defendant.

## MEMORANDUM OPINION
## AND ORDER

JOHN B. JONES, Chief Judge.

### BACKGROUND

Defendant Hartford wrote a fidelity bond for plaintiff First Federal Bank with an effective date of October 1, 1985 and a limit of liability of $1,230,000.

The insuring agreement for the fidelity coverage insured against:

"(A) Loss resulting directly from dishonest or fraudulent acts of an Employee committed alone or in collusion with others."

The bond provided coverage for losses discovered within the policy period and requires that legal proceedings for the recovery of any loss under the bond must be brought within twenty-four months of the discovery of the loss.

Plaintiff asserts in its complaint that John Gaustad committed dishonest or fraudulent acts causing it net losses in excess of the policy limits.

Defendant in its answer asserts that because this action was not brought within twenty-four months of the discovery of the loss, it is not liable to the plaintiff.

### CLAIMS OF THE PARTIES

The matter is now before the Court on plaintiff's Motion to Declare Bond Provision Void under SDCL 53–9–6.

Plaintiff contends that this fidelity bond is an insurance contract and relies on the first sentence of SDCL 53–9–6. Defendant contends that this fidelity bond is a surety contract and relies on the second sentence of SDCL 53–9–6.

SDCL 53–9–6 provides in material part: "Every provision in a contract restricting a party from enforcing his rights under it by usual legal proceedings in ordinary tribunals, or limiting his time to do so, is void. However, ... any provision in a surety contract which limits the time for enforcement is valid and enforceable if the limitation of time is not less than two years after the cause of action has accrued."

The issue is whether or not the fidelity bond in question is a surety contract within the meaning of this statute.

### DISCUSSION

In *Sheehan v. Morris Irrigation, Inc.*, 410 N.W.2d 569 (S.D.1987) (*Sheehan I*), the South Dakota Supreme Court held that while a surety can limit its liability as to which specific acts or omissions of its principal it would cover, SDCL 53–9–6 precluded it from limiting time for bringing suit on the surety contract. The surety contract in question was a performance bond issued by United Pacific to assure completion of a massive irrigation project by Morris Irrigation for Sheehan.

The construction industry viewed this decision as having the potential to reap havoc on the industry and was successful in the next legislative session in getting enacted the provision upon which defendant relies. *Sheehan v. United Pacific Ins. Co.*, 439 N.W.2d 117 (S.D.1989) (*Sheehan II*).

SDCL 56–2–1 provides:

"Suretyship is a contract by which one who at the request of another and for the purpose of security to him a benefit becomes responsible for the performance by the latter of some act in favor of a third person or hypothecates property as security therefor."

A fidelity bond was held not to be a surety contract in *Dawson v. Fidelity and Deposit Company*, 189 F.Supp. 854 (D.S.D. 1961). I conclude this to be the general rule. *Lundeen v. Schumacher*, 52 S.D. 149, 216 N.W. 883, 884 (1927); *Federal Deposit Ins. Corp. v. Western Surety Co.*, 66 S.D. 503, 285 N.W. 909, 911 (1939); *United Bank & Trust Co. v. The Kansas Bankers Surety Co.*, 901 F.2d 1520, 1522 (10th Cir.1990); *Fidelity & Deposit Co. v. Smith*, 730 F.2d 1026, 1030 (5th Cir.1984); *Luso–American Credit Union v. Cumis Ins. Soc.*, 616 F.Supp. 846, 848 (D.C.Mass. 1985); *Bank of Acworth v. Firemen's Ins. Co.*, 339 F.Supp. 1229, 1230 (N.D.Ga.1972); *First Hays Banshares, Inc. v. Kansas Bankers Surety Co.*, 244 Kan. 576, 769 P.2d 1184, 1187–88 (1989). *But See, Madi-*

**1354**

*son County Farmer's Ass'n v. American Employer's Ins. Co.*, 209 F.2d 581 (8th Cir.1954) (Applying Arkansas law to find a Fidelity Bond to be a contract of surety).

South Dakota law defines surety insurance as including fidelity insurance (SDCL 58–9–29), worker's compensation insurance (SDCL 58–9–30) and insurance for banks against loss or damage to premises caused by burglary, robbery, etc. (SDCL 58–9–32).

No claim has ever been made that the legislature intended by the above legislation to permit workman's compensation insurers to establish a two year limitation after the cause of action has accrued for bringing suit. Nor could such a claim be made in view of the different limitation period set out in workman's compensation law at SDCL 62–7–35.

It follows that the provisions of SDCL 58–9 were not intended by the legislature to define fidelity bonds as surety contracts, and thereby permit issuers of banker's fidelity bonds to establish two year limits on suits brought under the bonds.

## CONCLUSION

A fidelity bond is not a surety contract, and therefore SDCL 53–9–6 makes void the provision in defendant's fidelity bond requiring suit within two years of discovery of the loss.

Plaintiff's motion to declare the provision of defendant's blanket bond limiting the time to bring suit to twenty-four months after discovery void and to strike defendant's defense in ¶ 17 of the Answer is granted.

IT IS SO ORDERED.