SIMPLEX TIME RECORDER COMPANY, INC. *vs.* FEDERAL INSURANCE COMPANY. No. 93-P-858. November 15, 1994. *Practice, Civil,* Notice of appeal, Assembly of record. *Bond,* Forum selection clause, Construction contract bond.

The plaintiff (Simplex) is a Massachusetts corporation that manufacturers, tests, and supplies alarm and electronic supervisory systems. It supplied such equipment to an electrical subcontractor, Halfhill Electric Company (Halfhill), for installation in an apartment and yacht building being constructed in Honolulu, Hawaii. The general contractor, Grinnell Fire Protection System Company, had furnished a payment bond for the job which named the defendant (Federal) as surety. Simplex was not paid in full due to the bankruptcy of Halfhill midway through the job. It therefore sought payment from Federal but was denied due to a claimed insufficiency of documentation. Hence, this action, which was filed August 13, 1990, and which sought payment for goods supplied to Halfhill and damages under G. L. c. 93A, § 11, and c. 176D.

Federal filed a motion to dismiss based on the following grounds. Its surety bond for Grinnell contained a forum selection clause: "No suit or action shall be commenced . . . under [the] bond other than in a court of competent jurisdiction in the location in which the work or part of the work is located." The "work" here means the construction project, located in Hawaii; hence, any suit must be in the Hawaii courts. Independently, G. L. c. 93A does not apply because the alleged deceptive act did not occur substantially in Massachusetts, and G. L. c. 176D does not provide for a private right of action.

The judge allowed the motion to dismiss, and Simplex filed a notice of appeal. Thereafter, the clerk entered a judgment. Simplex realized a year later that the clerk had never assembled the record, and the clerk declined to do so then on the ground that no notice of appeal had been filed within thirty days after entry of judgment.

1. *Viability of the appeal.* The judge erred in denying Simplex's motion for assembly of the record. While the appeal was technically premature, it was not vitiated by Mass.R.A.P. 4(a), as amended, 393 Mass. 1239 (1985), for the reasons stated in *Hodge* v. *Klug,* 33 Mass. App. Ct. 746, 750-751 (1992). No motion of the type that triggers the second paragraph of rule 4(a) had been filed.

2. *Forum selection clause.* The general rule is that a party suing on a bond must show strict compliance with its terms, *General Elec. Co.* v. *Lexington Contr. Corp.,* 363 Mass. 122, 123-124 (1973), including, when applicable, a forum selection clause. *Rossi Sheet Metal Works* v. *American Employers Ins. Co.,* 439 F. Supp. 895, 897 (D.R.I. 1977) (applying Massachusetts law and citing the *General Electric* case). The cases upon which Simplex relies — *Nute* v. *Hamilton Mut. Ins. Co.,* 6 Gray 174, 179, 182-185 (1856), and *Nashua River Paper Co.* v. *Hammermill Paper Co.,* 223 Mass. 8, 13-19 (1916) — must be taken to have been overruled by *W.R.*

Grace & Co. v. *Hartford Acc. and Indem. Co.*, 407 Mass. 572, 582 n.13 (1990), citing *The Bremen* v. *Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972). See discussion in *Ernest and Norman Hart Bros., Inc* v. *Town Contractors, Inc.*, 18 Mass. App. Ct. 60, 62-66 (1984). The judge properly considered Federal's affidavit and the appended copy of the payment bond in ruling on the Mass.R.Civ.P. 12(b)(3) motion to dismiss. Smith & Zobel, Rules Practice § 12.14, at 304 (1974).

3. *Other issues.* Simplex does not argue, and therefore we need not decide, whether the forum selection clause governs Simplex's entire complaint, including its claims under G. L. c. 93A and c. 176D, or whether it governs only the claim on the bond. See Mass.R.A.P. 16(a)(4), 367 Mass. 921 (1975).

> *Order denying motion to assemble record reversed.*
> *Judgment affirmed.*

*Steven L. Manchel* for the plaintiff.
*Jennifer C. Tucker* for the defendant.