KENNETH J. CORMIER[1] *vs.* PEZROW NEW ENGLAND, INC.

No. 98-P-745.

Hampden. May 16, 2000. - February 27, 2001.

Present: RAPOZA, SMITH, & GILLERMAN, JJ.

Further appellate review granted. 434 Mass. 1104 (2001).

*Practice, Civil,* Motion to dismiss, Venue, Judgment notwithstanding verdict, Directed verdict. *Employment,* Discrimination.

In an age discrimination in employment case, the defendant employer's motion to dismiss and its subsequent motion for a directed verdict, both based on a claim of improper venue, should have been allowed, where the alleged unlawful act, viz., discharge of the plaintiff from his employment because of his age, did not occur in the county where the action was brought. [72-73]

CIVIL ACTION commenced in the Superior Court Department on December 6, 1994.

A motion to dismiss was heard by *Francis X. Spina,* J., and the case was tried before *Judd J. Carhart,* J.

*Joseph F. Ryan* for the defendant.

*Robert C. Sacco* for the plaintiff.

SMITH, J. The plaintiff, Kenneth J. Cormier, filed a one-count complaint in the Hampden County Superior Court against the defendant, Pezrow New England, Inc., alleging age discrimination in violation of G. L. c. 151B, § 4(1B). The defendant filed a motion to dismiss based on improper venue. Mass.R.Civ.P. 12(b)(3), 365 Mass. 755 (1974). After a hearing, a Superior Court judge (motion judge) denied the motion.

At the jury trial, the defendant filed motions for a directed verdict after the close of the plaintiff's evidence and again at the close of all of the evidence based, among other things, on a claim of improper venue. The motions were denied by a judge (trial judge) and the jury returned a verdict for the plaintiff in

[1]On January 19, 2001, a suggestion of death of the plaintiff was filed in this court.

the amount of $209,500 ($139,500 in economic damages and $70,000 for emotional distress). The trial judge ruled that the plaintiff's termination by the defendant was "willful" and doubled the award of damages pursuant to G. L. c. 151B, § 9.

After the verdict, the defendant filed a motion for entry of judgment notwithstanding the verdict. Mass.R.Civ.P. 50(b), 365 Mass. 814 (1974). The motion was denied by the trial judge and judgment entered in favor of the plaintiff.

On appeal, the defendant challenges the motion judge's denial of its motion to dismiss the complaint and the trial judge's denial of its motions for a directed verdict and for a judgment notwithstanding the verdict. The defendant also claims that the trial judge committed error in doubling the award of damages.

1. *The defendant's motion to dismiss the complaint.* General Laws c. 151B, § 4(1B), makes it an unlawful practice for an employer to discharge an individual because of his or her age. Any action alleging such an unlawful discharge must be brought "in the superior or probate court for the county in which the alleged unlawful practice occurred." G. L. c. 151B, § 9, as appearing in St. 1974, c. 478.

The defendant's motion to dismiss was accompanied by an affidavit. See Smith & Zobel, Rules Practice § 12.14, at 304 (1974) ("Many of the defenses which may be raised by motion . . . under Rule 12(b) will require supporting affidavits because the defense [improper venue] will often not appear on the face of the complaint"). See also *Simplex Time Recorder Co.* v. *Federal Ins. Co.*, 37 Mass. App. Ct. 947, 948 (1994).

According to the motion and affidavit, the defendant's only Massachusetts office is located in Westwood, Massachusetts, which is located in Norfolk County. The decision to discharge the defendant was made in Westwood, and the plaintiff was discharged in the defendant's Enfield, Connecticut, office.

The plaintiff responded with an affidavit which stated that he lived in Hampden County and that his "area of responsibility on behalf of the defendant was primarily and almost exclusively in Hampden County. . . ."

In denying the defendant's motion to dismiss the complaint for improper venue, the motion judge made the following findings of fact. The defendant, a Massachusetts corporation, conducted business in Hampden County; the plaintiff's base of operations was in Hampden County; and most of the plaintiff's

work for the defendant was in Hampden County. The judge also noted that the plaintiff lived in Hampden County. The judge then ruled that "[a]ll factors indicate that the core of the employment relationship between the [defendant] and [the] plaintiff was in Hampden County." The judge concluded, based on his findings, that "[a]lthough the act of notifying the plaintiff of the decision to terminate his employment occurred in Connecticut, the unlawful act of discrimination, the actual severance of the employment relationship between plaintiff and the [defendant] occurred in Hampden County, where the relationship was based."

2. *The venue issue at trial.* At the conclusion of the plaintiff's evidence, the defendant filed a motion for a directed verdict, claiming among other things that the evidence clearly established that the alleged act of unlawful discharge occurred in Connecticut, not in Hampden County, and therefore, the complaint should be dismissed on the grounds of improper venue. In denying the motion, the trial judge stated that he would not revisit the venue issue because it had already been decided by the motion judge. The trial judge, however, was not bound by the earlier determination of the motion judge. *Salter* v. *Scott*, 363 Mass. 396, 401-402 (1973). *Jefferson Ins. Co.* v. *Holyoke*, 23 Mass. App. Ct. 472, 475 n.4 (1987).

There was considerable evidence introduced in the plaintiff's case which brought the venue issue into sharper focus. We summarize the evidence in the light most favorable to the plaintiff. *Graci* v. *Massachusetts Gas & Elec. Light Supply Co.*, 7 Mass. App. Ct. 221, 222 (1979).

The plaintiff had worked in the business of sales and food brokerage since 1969 for Chase-Kolbin Associates, Inc. (Chase-Kolbin) In the fall of 1993, the defendant merged with Chase-Kolbin. Although certain positions were eliminated as a result of this merger, the plaintiff's position was not affected, and he continued employment as a sales representative for the defendant.

The plaintiff's duties included managing the accounts of customers located mainly in Hampden County and, as a result, he spent much of his time visiting those customers. While employed by Chase-Kolbin, the plaintiff had worked out of his home in Chicopee, Massachusetts, but, after the merger, the plaintiff "transferred everything" to the defendant's office in Enfield, Connecticut. At that office, the plaintiff had a desk and

space to keep his files. When he was not calling on customer accounts in Hampden County, or meeting with manufacturers and account executives at the defendant's main office located in Westwood, Massachusetts, the plaintiff worked at the Enfield office.

On April 15, 1994, the plaintiff was working at his desk at the Enfield office, when two company executives called him into a private office and handed him a letter advising him that his position in the company had been eliminated. The decision to discharge the plaintiff was made in the company headquarters at Westwood.

The defendant argues that its motion to dismiss and its subsequent motion for a directed verdict based on a claim of improper venue should have been granted because the plaintiff's discharge did not occur in Hampden County. The plaintiff responds that the unlawful discharge because of his age occurred in Hampden County by virtue of the fact that the employment relationship between the parties existed in Hampden County.

Chapter 151B is a remedial legislative scheme which prescribes two "largely independent avenues for redress" for the type of statutory violation claimed by the plaintiff. See *Brunson* v. *Wall*, 405 Mass. 446, 452 (1989). The statute provides for either administrative action by the Massachusetts Commission Against Discrimination (MCAD), with judicial review and enforcement of MCAD rulings by the Superior Court, pursuant to G.L. c. 151B, §§ 5 and 6, or a "civil action for damages or injunctive relief or both in the superior or probate court for the county in which the alleged unlawful practice occurred . . . ," pursuant to § 9.[2]

Here, the alleged unlawful act claimed by the plaintiff was his unlawful discharge because of his age. For our purposes, a discharge under the statute may be defined as the permanent, involuntary separation of an employee from his employment by his employer.

---

[2]Absent the language in G. L. c. 151B, § 9, this action would be governed by G. L. c. 223, § 8(4), which provides, in part, that transitory actions in which one party is a corporation and the other is an individual may be brought in any county in which the corporation might sue or can be sued or in the county in which the individual lives or has a usual place of business. Thus, under G. L. c. 223, § 8(4), Hampden County would have been a proper venue for this action because the plaintiff lived in that county.

We agree with the plaintiff that the place where the employee is notified of his discharge does not necessarily establish the place where the alleged unlawful discharge occurred. To hold otherwise would allow employers to circumvent G. L. c. 151B by simply notifying employees of their discharge when they are not in the Commonwealth.[3]

Here, however, although the plaintiff lived in Hampden County and had customers that were, for the most part, in Hampden County, the undisputed evidence is that he worked in Enfield, Connecticut, where he kept his desk and files and conducted routine business activities. It is clear that his discharge, i.e., his involuntary permanent separation from his employment by his employer, did not occur in Hampden County.

Therefore, the defendant's motion to dismiss and its subsequent motion for a directed verdict both based on improper venue should have been allowed. Because of our decision, it is not necessary to consider the other issues raised by the defendant.

The judgment for the plaintiff is vacated and judgment is to enter for the defendant.

*So ordered.*

---

[3]There was no evidence that the plaintiff was lured outside of the Commonwealth by the defendant in order to effectuate his discharge.