van Gestel, Allan, J.
This matter is before the Court on three motions: (1) a Motion to Dismiss by defendants Donald Maurisso (“Maurisso”) and Suresh M. Shah (“Shah”), Paper #11; (2) Defendant, Kohl’s Department Stores, Inc.’s (“Kohl’s”] Motion to Dismiss counts III and IV of the complaint, Paper #14; and (3) Defendant Paul D. Kussell’s (“Kussell”) Motion for Summary Judgment, Paper #16.

BACKGROUND

The plaintiff, Congress Financial Corporation (New England) (“Congress”), is said to be an asset-based lender who entered into a loan agreement with defendant Shepard Clothing Co., Inc. (“Shepard”). Pursuant to that agreement, Congress was granted a first security interest in all of Shepard’s assets and Shepard could borrow an amount determined by a lending formula that was based on the value of Shepard’s inventory, eligible accounts receivable, and a negotiated “over-advance.” In order to determine the amount that Shepard was permitted to borrow, Shepard was required to make accurate reports of its inventory and eligible accounts receivable to Congress on a regular basis.
Congress alleges in its complaint that there were misrepresentations of the value of Shepard’s collateral made between December 26, 2002, (just three days after Shepard emerged from bankruptcy) and April 1, 2003, a week before Shepard ceased operations and turned over its assets to Congress.
Congress alleges that Shepard overstated the amount of physical inventory it held by almost 20,000 items, consisting of suits and jackets said to be worth on paper $682,000, but which never existed.
Further, Shepard is alleged to have failed to report that more than $700,000 of accounts receivable from Shepard’s largest customer, Kohl’s, were subject to set-offs and rebates pursuant to a Margin Guarantee program, and were not eligible to be loaned upon.
Congress says that as a result of these misrepresentations it loaned Shepard more than $940,000 that it would not have loaned had it known the truth. Additionally, Congress claims that had the proper information been reported, Congress would have known that Shepard was in default on its loan obligations and would have taken steps to reduce its loan exposure, including foreclosing on Shepard’s collateral.
The defendant Kussell is alleged to be the president, secretary, sole director and a majority shareholder of Shepard.
The defendant Maurisso is alleged to be the former chief operating officer of Shepard.
The defendant Shah is alleged to be the former chief financial officer of Shepard.
All three of Kussell, Maurisso and Shah are alleged to be responsible for providing accurate information to Congress.
Shepard had a computerized system called Navision that was used to provide information to its officers concerning the status of its inventory based on sales and shipping reports. For the Navision system to work and generate accurate reports, it was necessary for there to be an accurate initial count of the inventory. It is alleged that Kussell, Maurisso and Shah knew this but refused to take a physical inventory when they implemented the Navision system. Instead, they are alleged to have initiated the Navision system based on an inventory count taken almost a year earlier.
The complaint charges that Shah failed to institute any controls to insure that the information he inputted into the Navision system was accurate, or even that the initial count from which he started was accurate.
It is claimed that Kussell, Maurisso and Shah all knew that the methods they had used to update the inventory system were likely to lead to inaccurate reporting. At the same time they are also said to know that Congress would lend up to 50% of the value of Shepard’s inventory stated in the inventory reports generated by the Navision system. It was this faulty system that resulted in the inaccurate report that Shepard had 20,000 clothing items, estimated at a value of $682,000, that did not exist.
Additionally, Kussell, Maurisso and Shah are alleged to have regularly reported the amount of Shepard’s accounts receivables to Congress. They did not, however, advise Congress that Kohl’s, one of Shepard’s largest customers, was the recipient of a *608 Margin Guarantee. Under this arrangement, if merchandise Kohl’s purchased from Shepard could not be resold at a sufficient margin, Shepard would rebate a portion of the purchase price back to Kohl’s. It is claimed that there was substantial inaccurate reporting of accounts receivables to Congress as a result of this program with Kohl’s.
The value of accounts receivables was also a measure by which Congress would lend Shepard up to 85% thereof.
Shepard, after emerging from bankruptcy in late December 2002, was never able to make a profit, and by April 2003, it voluntarily turned over to Congress its property and assets pursuant to the requirements of the loan agreement. Congress, thereafter, has been liquidating Shepard’s assets at substantial losses.
The complaint charges Kussell, Maurisso, Shah and Shepard with negligent misrepresentation (Count I), and with deceit (Count II), charges Kohl’s with a breach of contract (Count III), and charges all defendants with violations of G.L.c. 93A, sec. 11.

DISCUSSION

The Motions to Dismiss of Maurisso and Shah

When discussing its own duties regarding a motion to dismiss, the Supreme Judicial Court has reminded this Court that:
The standard of review for a motion to dismiss pursuant to Rule 12(b)(6) is well settled. We take as true “ ‘the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor . . .’ Blank v. Chelmsford Ob/Gyn, P.C., 420 Mass. 404, 407 (1995). In evaluating the allowance of a motion to dismiss, we are guided by the principle that a complaint is sufficient ‘unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’ Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).” Warner-Lambert Co. v. Execuquest Corp., 427 Mass. 46, 47 (1998). Although errors of law based on the facts alleged will not surmount a rule 12(b)(6) challenge, the plaintiffs burden is “relatively light.” Id., citing Gibbs Ford, Inc. v. United TruckLeasing Corp., 399 Mass. 8, 13 (1987). Under the “generous principles” governing our review . . . Connerty v. Metropolitan Dist. Comm’n, 398 Mass. 140, 143 (1986), we summarize the facts alleged in the . . . complaint and in uncontested documents of record.
Marram v. Kobrick Offshore Funds, Ltd., 442 Mass. 43, 45 (2004).
This Court should do no less; and it has not.
It is Congress’s position that the claims against Maurisso and Shah cannot be dismissed unless it can prove no set of facts in support of those claims that would entitle it to relief. Schaer v. Brandeis University, 432 Mass. 474, 486 (2000). Congress then claims that its actions against Maurisso and Shah, officers of Shepard, are based on tortious conduct in which they engaged on behalf of Shepard.
Corporate officers can be liable for torts in which they directly participated. See, e.g., Lyon v. Morphew, 424 Mass. 828, 831-32 (1997); LeClair v. Silberline Mfg. Co., 379 Mass. 21, 29 (1979); Jet Spray Cooler, Inc. v. Crampton, 377 Mass. 159, 181 (1979).
Sec. 552 of the Restatement (Second) of Torts describes the tort of negligent misrepresentation committed in the process of supplying information for the guidance of others as follows:
One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
That liability is limited to
loss suffered (a) by a person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.
In Nycal Corp. v. KPMG Peat Marwick, LLP, 426 Mass. 491 (1998), the Supreme Judicial Court addressed, for the first time, “the scope of liability of an accountant to persons with whom the accountant is not in privity.” Id. at 493. In doing so, it adopted the test taken from Sec. 552 of the Restatement (Second) of Torts. Id., at 497-98.
Also, in Nycal, the SJC concurred with the California Supreme Court’s holding in Bily v. Arthur Young & Co., 3 Cal. 4th 370, 394, 834 P.2d 745, 769 (1992), that Sec. 552 appropriately recognizes the commercial realities in play. Nycal, supra, 426 Mass, at 497. In Bily, the California court spoke of both negligent misrepresentations and intentional fraud in the preparation and dissemination of an audit report. Bily, supra, 834 P.2d at 747.
The SJC in Nycal, supra 426 Mass, at 497, particularly adopted Comment h to Sec. 552 of the Restatement, which reads as follows:
[I]t is not required that the person who is to become the plaintiff be identified or known to the defendant as an individual when the information is supplied. It is enough that the maker of the representation intends it to reach and influence either a particular person or persons, known to him, or a group or class of persons, distinct from the much larger class who might reasonably be expected sooner or later to have access to the information and foreseeably *609 to take some action in reliance upon it ... It is sufficient, in other words, insofar as the plaintiffs identity is concerned, that the maker supplies the information for repetition to a certain group or class of persons and that the plaintiff proves to be one of them, even though the maker never had heard of him by name when the information was given. It is not enough that the maker merely knows of the ever-present possibility of repetition to anyone, and the possibility of action in reliance upon it, on the part of anyone to whom it may be repeated.
Nycal does not stand alone. See, e.g., Golber v. Valley Bank & Trust Co., 46 Mass.App.Ct. 256, 257 (1999); Nota Construction Corp. v. Keyes Associates, Inc., 45 Mass.App.Ct. 15, 19-20 (1998); and this Court’s own decision in Dean Foods, Inc. v. Pappathanasi, Suffolk Superior Court No. 0102595 BLS. (18 Mass. L. Rptr. 598.)
A similar conclusion, at least at this motion to dismiss stage, must be reached with regard to the deceit claims against Maurisso and Shah. And, each of the negligent misrepresentation and deceit claims provide enough of a foundation for the G.L.c. 93A, sec. 11 claims.
It cannot be said that, at this time, it appears beyond doubt that Congress can prove no set of facts in support of its claims against Maurisso and Shah which would entitle it to relief.

The motion to dismiss of Kohl’s

The Court turns next to Kohl’s motion to dismiss counts III and IV. Kohl’s argues that there is a forum selection provision that protects it from this suit. Further, it claims that its refusal to pay a corporation based in Massachusetts the contract price for goods it ordered from Massachusetts cannot form the basis for a G.L.c. 93A claim.
More specifically, Kohl’s points to its Merchandise Purchase Order Terms and Conditions with Shepard, which it says is binding on Congress as a successor to Shepard. That Purchase Order states that “any suit action or proceedings against [Kohl’s] with respect to [Kohl’s] Purchase Order or the parties’ actions with respect thereto shall be brought in Waukesha Couniy, Wisconsin or in the United States District Court for the Eastern District ofWisconsin.” Kohl’s then argues from Wisconsin law — the law that the Purchase Order dictates shall apply — that the forum selection clause is determinative.
Congress counters the argument of Kohl’s by suggesting that there is a threshold matter that needs resolution before the applicability of the forum selection clause may be addressed. That threshold matter relates to whether Shepard ever agreed to the terms and conditions of the Purchase Order. In the absence of any evidence on this point by document or admission, this becomes a factual matter for resolution by the fact finder. It cannot be resolved on the present motion to dismiss record alone.
Congress has also sued Kohl’s pursuant to G.L.c. 93A, sec. 11. There is enough in the allegations of the complaint to get by a motion to dismiss on the c. 93A claim. On the present record, this Court cannot determine the locus of the center of gravity of Kohl’s action and, therefore, cannot determine whether the matters that give rise to the claim against Kohl’s occurred primarily and substantially within Massachusetts. This Court is more aware than most with the SJC’s requirements on this issue, having been the trial judge in Kuwaití. Danish Computer Co. v. Digital Equipment Corp., 438 Mass. 459 (2003).

Kussell’s Motion for Summary Judgment

Finally, the Court turns to Kussell’s motion for summary judgment. With it the test is different from that applied to a motion to dismiss.
Summary judgment is granted where there are no issues of genuine material fact, and the moving party is entitled to judgment as a matter of law. Hakim v. Massachusetts Insurers’ Insolvency Fund, 424 Mass. 275, 281 (1997); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassessov. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party — here Kussell — bears the burden of affirmatively demonstrating that there is no triable issue of fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
Kussell’s motion is predicated on the language of a Letter Agreement between him and Congress effective as of April 9, 2003. This Letter Agreement contained release language and a contractual limitation that expired on October 7, 2003. Section (j) of the Letter Agreement contains the language relied upon by Kussell. It reads:
Nothing herein constitutes a release by Lender [Congress] of the Individuals [including Kussell]; provided, however, that unless such Individual defaults hereunder Lender shall be deemed to have generally released (in the same form as the release of lender in the following paragraph, modified as the context requires) each Individual (but not the Company [Shepard] or any other person) from any claims of any type against such Individual relating to the Company or the Obligations or the Collateral to the extent that such claims have not been actually filed by Lender on or before October 7, 2003.
This claim was filed against all parties, including Kussell, on November 20, 2003, over a month after the filing date dictated in the Letter Agreement.
Congress responds to Kussell’s motion by reporting that on October 7, 2003, it filed an Adversary Proceeding [No. 03-1419] against Kussell for the exact same claims as alleged in this case, in the United States Bankruptcy Court for the District of Massachusetts, in Shepard’s Chapter 7 proceeding docketed as Case No. 01-16486-CJK.
On January 15, 2004, United States Bankruptcy Judge, Carol J. Kenner, issued an Order of abstention under 28 U.S.C. Sec. 1334(c)(1) from hearing and adju *610 dicating the complaint of Congress. Accordingly, Judge Kenner thereby dismissed the complaint without prejudice to Congress’s prosecuting it in another forum.
Kussell cites to General Electric Co. v. Lexington Contracting Corp., 363 Mass. 122 (1973), as support for his argument that Congress’s Superior Court filing on November 20, 2003, was too late. However, there is a difference, of legal significance, in General Electric from the facts here. In General Electric no valid action was filed within the one-year limitations period contained in the payment bond in issue. The action filed in the Federal Court was “dismissed for lack of subject matter jurisdiction, there being no diversity of citizenship among the parties,” id. at 123, and the Superior Court action was not filed until after that dismissal.
Here, unlike in General Electric, the Superior Court action was filed before the Bankruptcy Court abstained. Further, the Bankruptcy Court’s abstention was without prejudice and with the knowledge of the pendency of this action.
It was Kussell who filed the motion in the Bankruptcy Court to dismiss on jurisdictional grounds or alternatively to have the Bankruptcy Court abstain. It was the abstention route that Judge Kenner followed, although she did dismiss the matter before her, without prejudice. In the process, Judge Kenner was advised by Congress of the pending case before this Court and that Congress would “defer to the [Bankruptcy] Court’s judgment as to whether th[e] matter should remain in the Bankruptcy Court or be decided elsewhere.”
This Court agrees with Congress that its filing of the Adversary Proceeding in the Bankruptcy Court on October 7, 2003, had the effect of meeting the condition precedent in the Letter Agreement.[2] Thereby, any claims set forth in the Adversary Proceeding papers were no longer subject to the release provisions of the Letter Agreement. Further, before any action was taken on the Adversary Proceeding to abstain or dismiss that proceeding, there also was filed the identical claims against Kussell before this Court.
It is significant to this Court that Judge Kenner, with knowledge of the existence of this case, abstained from proceeding and only dismissed the matter before her “without prejudice to Congress’s prosecuting it in another forum.” Had the Bankruptcy Court matter been dismissed, and done so with prejudice, before any filing in the Superior Court or without knowledge by the Bankruptcy Court of this case’s pendency, a different result on Kussell’s argument might be compelled. That was not what happened however. Consequently, this Court rules that the necessary filing by October 7, 2003, was met. Russell’s motion for summary judgment must also be denied.

ORDER

For the foregoing reasons, the Motion to Dismiss by defendants Donald Maurisso and Suresh M. Shah, Paper #11, the defendant, Kohl’s Department Stores, Inc.’s Motion to Dismiss, Paper #14, and defendant Paul D. Russell’s Motion for Summary Judgment, Paper #16, are each DENIED.

The only difference between the claims against Kussell filed in the Bankruptcy Court and those filed here relate to venue and jurisdictional issues and not to the substance thereof.