William **WILLIAMS**, et al., Plaintiffs,

v.

**ASHLAND ENGINEERING CO., INC.,** et al., Defendants.

**Civ. A. No. 92–11733–WJS.**

United States District Court, D. Massachusetts.

Sept. 12, 1994.

Robert O. Berger, III, Boston, MA, for plaintiffs.

Robert E. Riley, Edward F. Vena, Michael S. Levitz, Vena, Truelove, Riley & Domestico, Boston, MA, for defendants.

### MEMORANDUM AND ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

SKINNER, Senior District Judge.

The plaintiffs are trustees of the International Union of Operating Engineers Local 4 Health and Welfare Fund, an employee benefit plan governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq.* Local 4 members performed heavy machinery work for defendants Ashland Engineering Company, Inc., C & B Construction Company, Inc., and Ashanti/Ashland (collectively, "Ashland"), the subcontractors for a Massport construction project. Ashland abandoned performance and became delinquent in its employer contributions to the Fund. Count I of the amended complaint is a claim against Ashland for employer contributions under § 502(a)(3)(B)(ii) of ERISA, 29 U.S.C. § 1132(a)(3)(B)(ii).[1] Ashland has not defended this action.

---

**1.** Section 1132(a)(3)(B) authorizes civil actions "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the

Defendant R.W. Granger and Sons, Inc. ("Granger"), the general contractor for the Massport project, obtained a surety bond from defendant United States Fidelity and Guaranty Company ("USFG") to secure payment for labor, materials, employer contributions to "health and welfare funds," and other expenses of the Massport project, as required by Mass.Gen.L. c. 149, § 29.[2] The payee of the bond is Massport. Count II states a § 29 claim against USFG for payment under the bond. Count III seeks to reach and apply the bond, allegedly an asset of Ashland within Granger's control, to Ashland's debt.

The plaintiffs move for summary judgment on Counts II and III. USFG and Granger move for summary judgment on the same counts. At issue is whether ERISA preempts the cause of action created by Mass.Gen.L. c. 149, § 29, where trustees of an ERISA plan sue to collect the equivalent of unpaid employer contributions.

## I. ERISA preemption

■ The plaintiffs argue that USFG and Granger have waived the defense of preemption by not raising it as an affirmative defense. USFG's answer asserted only that "[p]laintiffs have failed to state a claim for which relief may be granted."

Under Fed.R.Civ.P. 8(c), a party "pleading to a preceding pleading . . . [shall] set forth affirmatively" any matter "constituting an avoidance or an affirmative defense." Preemption has been held to be an affirmative defense. See 5 Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1271, at 442 n. 51 (1990) (collecting cases). USFG should have set forth preemption in its an-

swer, or at least moved to amend its answer before moving for summary judgment. *See Kennan v. Dow Chemical Co.,* 717 F.Supp. 799, 808–09 (M.D.Fla.1989).

The purpose of Rule 8(c), however, is to protect against unfair surprise. The plaintiffs do not claim that they have been prejudiced in any way (such as by failure to take discovery on issues material to preemption). Counsel for USFG and Granger sent the plaintiffs a written analysis of the preemption defense nearly six months before moving for summary judgment. *See* Second Aff. of USFG Counsel, Ex. A. Rather than "dispos[e] of substantial legal questions on mere technicalities of pleading rules," I will consider the preemption defense. *In re Air Crash Disaster at Stapleton Int'l Airport,* 721 F.Supp. 1185, 1186 (D.Colo.1988).

■ In general, ERISA preempts all state laws that "relate to any employee benefit plan." 29 U.S.C. § 1144(a). Mass.Gen.L. c. 149, § 29 "relate[s] to" ERISA plans because it singles out such plans for special treatment. Plan trustees are entitled to the benefit of the bond, even though the plans themselves do not furnish the labor. *Cf. Chestnut–Adams Ltd. v. Bricklayers Trust,* 415 Mass. 87, 612 N.E.2d 236, 240 (1993) (explaining similar feature of Massachusetts' mechanic's lien statute). However, the trustees' entitlement is limited to "an amount based on labor performed or furnished . . . for a maximum of two hundred and forty consecutive calendar days." This disparate treatment (favorable as well as unfavorable) makes § 29 grist for the preemption mill. *See Mackey v. Lanier Collection Agency & Serv.,* 486 U.S. 825, 829, 108 S.Ct. 2182, 2185,

plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan [.]"

**2.** Section 29 provides in part:
Officers or agents contracting on behalf of the commonwealth . . . or other public instrumentality for the construction . . . of public buildings . . . shall obtain security by bond . . . for payment by the contractor and subcontractors for labor performed or furnished and materials used or employed therein. . . . [and] for payment by such contractor and subcontractors of any sums due trustees . . . authorized to collect

such payments from the contractor or subcontractors, based upon the labor performed or furnished as aforesaid, for health and welfare plans, supplementary unemployment benefit plans and other fringe benefits which are payable in cash and provided for in collective bargaining agreements between organized labor and the contractor or subcontractors; provided, that any such trustees . . . shall . . . be entitled to the benefit of the security only in an amount based upon labor performed or furnished as aforesaid for a maximum of two hundred and forty consecutive calendar days.

100 L.Ed.2d 836 (1988) ("we have virtually taken it for granted that state laws ... 'specifically designed to affect employee benefit plans' are pre-empted under [29 U.S.C. § 1144(a) ]"); *McCoy v. Massachusetts Institute of Technology,* 950 F.2d 13, 18–20 (1st Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1939,· 118 L.Ed.2d 545 (1992).[3]

Moreover, Mass.Gen.L. c. 149, § 29 creates a new mechanism for enforcing rights guaranteed by ERISA. Plan fiduciaries may bring a civil action to "enforce any provisions of [ERISA] or the terms of the plan." 29 U.S.C. § 1132(a)(3)(B)(ii). Because "ERISA's civil enforcement remedies were meant to be exclusive," *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 54, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 (1987), the additional remedy under § 29 is therefore preempted. *See Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 142, 111 S.Ct. 478, 484, 112 L.Ed.2d 474 (1991) ("[e]ven if there were no express pre-emption in this case, the Texas cause of action would be pre-empted because it conflicts directly with an ERISA cause of action").[4]

◼ The plaintiffs argue that § 29 is saved from preemption because it "regulate[s] insurance" within the meaning of

ERISA's saving clause, 29 U.S.C. § 1144(b)(2)(A). Even if most surety· bonds are offered by insurance companies, that factor alone does not trigger the saving clause. A surety bond is not an insurance contract, · *see* Mass.Gen.L. c. 175, § 107. Surety bonds are not subject to Massachusetts' insurance laws. *Luso–Am. Credit Union v. Cumis Ins. Soc., Inc.,* 616 F.Supp. 846, 848 (D.Mass. 1985) (citing *General Electric Co. v. Lexington Contracting Corp.,* 363 Mass. 122, 292 N.E.2d 874 (1973)). "A common-sense view of the word 'regulates' " suggests that "in order to regulate insurance, a law must not just have an impact on the insurance industry, but must be specifically directed toward that industry." *Pilot Life,* 481 U.S. at 50, 107 S.Ct. at 1554 (citing *Metropolitan Life Ins. Co. v. Massachusetts,* ·471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985)). "Under this common sense view, G.L. c. 149, § 29 does not regulate insurance...." *Trustees of the Iron Workers District Council v. Aetna Cas. and Surety Co.,* Suffolk Superior Court, C.A. No. 88–2298, slip op.· at 8 (May 1, 1991) (USFG Counsel Aff. Ex. C).[5]

In *Peters v. Hartford Accident & Indemnity Co.,* 377 Mass. 863, 389 N.E.2d 63, 63–64

---

**3.** In *Mackey,* 486 U.S. at 838 n. 12, 108 S.Ct. at 2190 n. 12, the Supreme Court "conclude[d] that *any* state law which singles out ERISA plans, by express reference, for special treatment is preempted." This "considered dictum" is binding upon the courts of this circuit. *McCoy,* 950 F.2d at 19. It rebuts the plaintiffs' assertion that the effect of § 29 on ERISA plans is "too tenuous, remote, or peripheral ... to warrant a finding that the law 'relates to' the plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 409 (1983).

**4.** It is immaterial that the § 29 action would normally be brought against the surety rather than the delinquent employer. *See McCoy,* 950 F.2d at 18–20 (ERISA preempts Massachusetts' mechanic's lien law that allows plans to collect the equivalent of unpaid employer contributions from the owner of the property improved through the labor of plan participants). Like the lien law, § 29 substitutes "a new (and perhaps deeper) pocket from which monies owed may be repaid." *Id.* at 18. This substitution of defendants directly affects the plan's enforcement of its ERISA rights. By contrast, where a surety, , pursuant to a settlement agreement, guarantees an employer's contributions to a pension plan and exposes itself to suit by the plan, "the in-

volvement of a pension plan is a remote rather than central consideration" in a dispute over the terms of the settlement. *See Gould, Inc. v. Pension Ben. Guar. Corp.,* 589 F.Supp. 164, 168 (S.D.N.Y.1984).

**5.** The Supreme Court has also drawn guidance from the three criteria relevant to determining whether a practice falls under the "business of insurance" for purposes of the McCarran–Ferguson Act, 15 U.S.C. §§ 1011 *et seq.:*

> [*F*]*irst,* whether the practice has the effect of transferring or spreading the policyholder's risk; *second,* whether the practice is an integral part of the ·policy relationship between the insurer and the insured; and *third,* whether the practice is limited to entities within the insurance industry. *Union Life Ins. Co. v. Pireno,* 458 U.S. 119, 129 [102 S.Ct. 3002, 3008–09, 73 L.Ed.2d 647] (1982) (emphasis in original).

*Metropolitan Life Ins. Co.,* 471 U.S. at 743, 105 S.Ct. at 2391. It is unnecessary to rehearse the McCarran–Ferguson criteria to reach a foreordained conclusion. Section 29 is plainly not limited to entities within the insurance industry, and indeed does not concern an insurance "policy relationship" at all.

(1979), the Supreme Judicial Court held that plan trustees may maintain a § 29 action against the surety for a sub-sub-contractor's unpaid employer contributions. Even if *Peters* had expressly ruled against preemption, it must be deemed overruled by subsequent Supreme Court decisions on the scope of ERISA's preemption and saving clauses. I hold that ERISA preempts Mass.Gen.L. c. 149, § 29 as it concerns the rights of ERISA plans. USFG's motion for summary judgment on Count II is accordingly **allowed.** Granger's motion for summary judgment is also **allowed** with respect to any direct claim against Granger pursuant to § 29.

## II. The reach and apply claim

Count III of the amended complaint attempts to reach and apply the bond toward Ashland's unpaid employer contributions, on the theory that the bond is an Ashland asset within Granger's control. Ashland has no right to payment for its own arrearage.[6] Granger bound itself to pay *Massport* the amount stated in the bond, on condition that its obligation to Massport would be "null and void" if it "pay[s] for all labor performed or furnished and for all materials used or employed" in the Massport contract. Chelauski Aff. Ex. A. While Mass.Gen.L. c. 149, § 29 gives claimants other than Massport a right to payment under the bond, that statute is preempted as applied to the plaintiffs.

The plaintiffs have submitted no evidence to show that Granger has any assets of Ashland that can be applied to Ashland's debts. *See Evans v. Multicon Constr. Corp.,* 30 Mass.App. 728, 574 N.E.2d 395, 401 (1991) (burden on party seeking to reach assets to "point to specific property" of debtor in possession of a third party). Granger's motion for summary judgment on Count III is accordingly **allowed.**

### Conclusion

The plaintiffs' motion for summary judgment on Counts II and III is **denied.** USFG's cross motion for summary judgment on Count II and Granger's cross motion for summary judgment on Count III are al-

lowed. There being no just reason for delay, Fed.R.Civ.P. 54(b), the clerk shall enter final judgment for USFG and Granger.

---

**6.** I can make no sense of the plaintiffs' claim that "[t]he Employers [Ashland] are entitled to obtain from Granger the amounts the Employers owe plaintiffs, on the basis of this bond." Pl. Reply Mem. at 6.