USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 94-2046 WILLIAM WILLIAMS, ETC., ET AL., Plaintiffs, Appellants, v. ASHLAND ENGINEERING CO., INC., ET AL., Defendants, Appellees. __________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Walter Jay Skinner, Senior U.S. District Judge] __________________________ __________________________ Before Selya, Boudin and Stahl, Circuit Judges. ______________ __________________________ Robert O. Berger for appellants. ________________ Bradford R. Carver, with whom Edward F. Vena, Michael S. ___________________ _______________ __________ Levitz, and Vena, Truelove & Riley were on brief, for appellees. ______ ______________________ __________________________ January 31, 1995 __________________________ SELYA, Circuit Judge. We are reminded today that SELYA, Circuit Judge. ______________ malapropisms, despite their semantic shortcomings, often describe the human condition with unerring accuracy. There are, for example, certain situations that actually do evoke the sensation of "d j vu all over again."1 We explain below why this appeal _______ falls into that category. In McCoy v. Massachusetts Institute of Technology, 950 _____ _____________________________________ F.2d 13 (1st Cir. 1991), cert. denied, 112 S. Ct. 1939 (1992), _____ ______ the fiduciary of several union-sponsored employee benefit plans brought suit to enforce a lien on real property owned by a university. He alleged that an electrical contractor hired to construct improvements to school buildings had employed union members to do the work; that the contractor, heedless of its obligations under a collective bargaining agreement, neglected to defray the workers' employee benefit contributions; and that a state statute, Mass. Gen. L. ch. 254, quoted in the margin,2  ____________________ 1This epigram is often attributed to Lawrence P. (Yogi) Berra, a man as famous for mangling the English language as for belting baseballs. Berra coined many aphorisms but not this one. See Ralph Keyes, Nice Guys Finish Seventh; Phrases, ___ _____________________________________ Spurious Sayings and Familiar Misquotations 152 (1992) (noting _____________________________________________ that "although this is commonly cited as a `Berra-ism,' Yogi Berra denies ever saying it"). The phrase's origin is unknown. 2The statute provides in relevant part: A person to whom a debt is due for personal labor performed in the erection, alteration, repair or removal of a building or structure upon land, by virtue of an agreement with, or by consent of, the owner . . . shall . . . have a lien upon such building or structure . . . . For purposes of this chapter, a person 2 authorized the fiduciary to collect unpaid contributions by asserting a mechanic's lien against real property that had been improved through the plan participants' labor. See McCoy, 950 ___ _____ F.2d at 15. We held that the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. 1001-1461 (1988), and specifically, ERISA 514(a), 29 U.S.C. 1144(a) (commanding that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan"), preempted use of the Massachusetts mechanic's lien law to recoup the unpaid contributions. See McCoy, 950 F.2d at 18-20. ___ _____ The case at bar is hauntingly reminiscent of McCoy, _____ and, thus, triggers the sense of d j vu. Appellants are the ________ trustees of certain funds (the Funds) maintained by Local 4 of the International Union of Operating Engineers to fuel the union's employee benefit plans. In 1991, members of Local 4, then employed directly or indirectly by a subcontractor, Ashland  ____________________ shall include any employee of any employer and the trustee or trustees of any fund or funds, established pursuant to section 302 of the Taft Hartley Law (29 USC 186), providing coverage or benefits to said person. The trustee or trustees of any such fund or funds shall have all the liens under this chapter that any person has. The trustee or trustees shall also have the right to enforce said liens pursuant to this chapter. Mass. Gen. L. ch. 254, 1 (1990). The statute also specifically provides that "the trustee or trustees of a fund or funds, described in section one, providing coverage or benefits to any person performing labor under a written contract with a contractor, or with a subcontractor of such contractor," may file a lien notice, id. 4, and enforce the lien by a civil action ___ brought against the property owner, id. 5. ___ 3 Engineering Company (Ashland), participated in ongoing construction under the auspices of the Massachusetts Port Authority (Massport). A collective bargaining agreement obligated Ashland to contribute monies to the Funds commensurate with the number of hours each union member toiled on the Massport project. In time, Ashland experienced financial problems, became delinquent on contributions to the Funds, and abandoned the Massport project. Noting that the general contractor, R.W. Granger and Sons, Inc. (Granger), had posted a performance-and- payment bond underwritten by United States Fidelity & Guaranty Company (USF&G), the trustees sued Ashland, Granger, and USF&G in an effort to extract the unpaid employer contributions. The trustees' amended complaint contained three counts: count 1 sought to collect payments due from Ashland, count 2 sought to collect these payments from USF&G by invoking the Massachusetts statute under which the bond had been posted,3 and  ____________________ 3The bond statute provides in pertinent part that, when state officials contract for construction of public buildings, they shall obtain security by bond . . . for payment by the contractor and subcontractors for labor performed or furnished and materials used or employed therein . . . . and for payment by such contractor and subcontractors of any sums due trustees . . . authorized to collect such payments from the contractor or subcontractors, based upon the labor performed or furnished as aforesaid, for health and welfare plans, supplementary unemployment benefit plans and other fringe benefits which are payable in cash and provided for in collective bargaining 4 count 3 sought to reach an asset of Ashland purportedly held by Granger the bond and to apply the proceeds to Ashland's debt. Ashland did not defend and, therefore, count 1 is no longer velivolant. On June 1, 1993, the parties filed cross- motions for summary judgment on the two remaining counts. The district court granted the defendants' motions, concluding that ERISA preempted the section 29 claim as it pertains to employee benefit plans, and that Granger held none of Ashland's assets. See Williams v. Ashland Eng'g Co., 863 F. Supp. 46 (D. Mass. ___ ________ _________________ 1994). Following the entry of separate judgments, the trustees appealed. In this venue, the trustees agree that brevis ______ disposition is warranted the record reveals no genuine issues of material fact but they contend that the lower court ruled in favor of the wrong parties. Affording plenary review, see, e.g., ___ ____ Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991), _______ _________________ cert. denied, 112 S. Ct. 2965 (1992); Garside v. Osco Drug, Inc., _____ ______ _______ _______________ 895 F.2d 46, 48 (1st Cir. 1990), we affirm.4 The centerpiece of the trustees' appeal count 2 is well within McCoy's precedential orbit. In McCoy, we _____ _____ acknowledged that Congress painted with a broad brush when it  ____________________ agreements . . . . Mass. Gen. L. ch. 149, 29 (1990). 4We eschew any independent discussion of count 3, inasmuch as we discern no error in the district court's stated reasons for granting summary judgment on that count. See Williams, 863 F. ___ ________ Supp. at 50. 5 added an express preemption clause to the ERISA canvas. We described that clause as "sweeping" and "extensive in its scope." McCoy, 950 F.2d at 16. We also noted that the Massachusetts lien _____ law at issue in McCoy referred specifically to the trustees of _____ employee benefit plans and purported to grant them certain singular rights. In our view, these features rendered the law especially vulnerable to preemption, for "[s]tate statutes which expressly grant preferential benefits to ERISA plans cannot withstand the preemptive force of ERISA 514(a)." Id. at 20; ___ accord Mackey v. Lanier Collection Agency & Serv., Inc., 486 U.S. ______ ______ ______________________________________ 825, 829 (1988). Thus, McCoy made clear that, at a bare minimum, _____ state laws which "specifically refer to ERISA plans and grant them special treatment" are preempted regardless of a state legislature's good intentions or a particular law's consistency with ERISA's overall goals. McCoy, 950 F.2d at 18 (quoting _____ Mackey, 486 U.S. at 829-30). ______ The statute before us today, Mass. Gen. L. ch. 149, 29, invites comparison with the statute we confronted in McCoy. _____ Section 29 requires, inter alia, that a general contractor _____ ____ working on a public project furnish bond to secure payment of "any sums due trustees . . . for health and welfare plans." Such plans come under the protective umbrella that ERISA spreads over the workplace. See 29 U.S.C. 1002(1)(B), (3) (defining covered ___ employee welfare benefit plans); see also McCoy, 950 F.2d at 19- ___ ____ _____ 20. Since the statute specifically refers to ERISA-regulated employee benefit plans, and provides them with a special source 6 of recovery for unpaid employer contributions, McCoy governs. _____ Hence, the bond statute, as it applies to employee benefit plans, is preempted. Appellants balk at the characterization of their case as McCoy redux. They loose an avalanche of arguments, but none _____ is persuasive. Only four of these arguments require comment. First: Appellants launch a ferocious attack on McCoy, First: _____ _____ intimating that it is wrongly decided and, therefore, should be limited to its facts. Statutes like the mechanic's lien law or the bond law, they tell us, affect employee benefit plans in "too tenuous, remote, or peripheral a manner," Shaw v. Delta Airlines, ____ _______________ Inc., 463 U.S. 85, 100 n.21 (1983), to warrant a conclusion that ____ the statutes "relate to" such plans. This attack is wide of the mark. First and foremost, we believe that our earlier opinion was and is clearly correct (that it is, so to speak, the real McCoy). And we perceive no rational basis on which to _____ distinguish between the mechanic's lien law and section 29 for the purpose of gauging ERISA's preemptive reach. Because the two statutes are quite plainly sisters under the skin, there is also a prudential barrier that blocks the path of appellants' attack. In a multi-panel circuit, newly constituted panels are, for the most part, bound by prior panel decisions closely on point. See, e.g., Jusino v. Zayas, 875 F.2d ___ ____ ______ _____ 986, 993 (1st Cir. 1989); Lacy v. Gardino, 791 F.2d 980, 985 (1st ____ _______ Cir.), cert. denied, 479 U.S. 888 (1986). In this instance, we _____ ______ 7 are bound by McCoy. _____ To be sure, there are two exceptions to this manifestation of stare decisis principles. An existing panel _____ _______ decision may be undermined by controlling authority, subsequently announced, such as an opinion of the Supreme Court, an en banc opinion of the circuit court, or a statutory overruling. This exception is inapposite, for nothing of the kind has transpired here. The second exception pertains to those relatively rare instances in which authority that postdates the original decision, although not directly controlling, nevertheless offers a sound reason for believing that the former panel, in light of fresh developments, would change its collective mind. See ___ generally Colby v. J.C. Penney Co., 811 F.2d 1119, 1123 (7th Cir. _________ _____ _______________ 1987) (discussing "complex relationship . . . between a court and its own previous decisions"). Appellants try to wriggle through this loophole. They suggest that a case recently decided by the Third Circuit casts a new light on ERISA preemption by focussing on "whether the existence of ERISA plans is necessary for the statute to be meaningfully applied," Keystone Chapter, Etc. v. Foley, 37 F.3d ______________________ _____ 945, 957 (3d Cir. 1994), and that this shifted focus renders McCoy obsolete. However, appellants mischaracterize the holding _____ in Keystone. There, the court reviewed a state minimum wage ________ statute that did not refer explicitly to ERISA plans. After finding that the statute failed to single out such plans for special treatment, the court invoked the meaningfulness test to 8 determine whether the statute might be said to "relate to" ERISA plans despite the absence of an express connection. See id. at ___ ___ 954-57. Since section 29 does single out ERISA plans for special swaddling, there is no need to consider the Keystone test in this ________ case.5 Second: Next, the trustees contend that section 29 is, Second: ______ in effect, a law regulating insurance and, therefore, is shielded from preemption by ERISA 514(b)(2)(A), 29 U.S.C. 1144(b)(2)(A) (a savings clause that, inter alia, renders ERISA _____ ____ preemption inapplicable to "any law of any State which regulates insurance"). This contention lacks force. In order to "regulate[] insurance" within the purview of this exception, a law must not merely have an impact on the insurance industry, or on particular insurance products, but must be directed specifically toward the business of insurance. See Pilot Life ____________ ___ __________ Ins. Co. v. Dedeaux, 481 U.S. 41, 50 (1987); Metropolitan Life _________ _______ _________________ Ins. Co. v. Massachusetts, 471 U.S. 724, 739-47 (1985). Section _________ _____________ 29 does not satisfy this criterion for two reasons. In the first place, although surety bonds often are furnished by insurers, surety bonds are not insurance contracts, see Mass. Gen. L. ch. 175, 107, and they are not subject to the ___ commonwealth's insurance laws. See Luso-Am. Credit Union v. ___ ______________________ Cumis Ins. Soc., Inc., 616 F. Supp. 846, 848 (D. Mass. 1985); ______________________  ____________________ 5Indeed, the Keystone court itself found McCoy to be good ________ _____ authority, citing it with approval in holding that ERISA preempted a state administrative order that did specifically single out ERISA-regulated plans for special treatment. See ___ Keystone, 37 F.3d at 955. ________ 9 General Elec. Co. v. Lexington Contracting Corp., 292 N.E.2d 874, _________________ ___________________________ 876 (Mass. 1973). In the second place, section 29 only requires the posting of an acceptable bond, not necessarily the posting of a bond underwritten by an insurance company. A cash bond or a bond backed by, say, a letter of credit, surely would suffice. In a real sense, then, section 29's impact on the insurance industry is happenstance. Consequently, the statute cannot plausibly be deemed to be directed toward, or to regulate, the business of insurance. Third: Appellants claim that, here, preemption is Third: _____ beside the point because the bonding company waived the defense by failing to assert it in the pleadings. This claim prescinds from USF&G's answer to the trustees' complaint an answer that did not mention preemption in so many words, but, rather, contained a general denial and raised, as an affirmative defense, failure to state a claim upon which relief could be granted.6 On the facts of this case, however, appellants' claim is composed of more bleat than wool. Generally speaking, a party must set forth all affirmative defenses in the pleadings, on pain of possible forfeiture. See Fed. R. Civ. P. 8(c);7 see also Conjugal ___ ___ ____ ________  ____________________ 6USF&G also raised a second affirmative defense implicating appellants' supposed noncompliance with conditions precedent to recovery set forth in the bond. Given the posture of this appeal, we need not discuss the second affirmative defense. 7Rule 8(c) requires parties, "[i]n pleading to a preceding pleading," to "set forth affirmatively" various enumerated defenses, as well as "any other matter constituting an avoidance or affirmative defense." While preemption is not listed 10 Partnership v. Conjugal Partnership, 22 F.3d 391, 400 (1st Cir. ___________ ____________________ 1994). Here, although USF&G's answer did not specifically mention a preemption defense, it did contain a broader Rule 12(b)(6) defense that was capable of encompassing preemption. Cf. McCoy, 950 F.2d at 22-23 (upholding preemption-based ___ _____ dismissal pursuant to Rule 12(b)(6)). The purpose of Rule 8(c) is to give the court and the other parties fair warning that a particular line of defense will be pursued. See, e.g., Blonder- ___ ____ ________ Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 350 __________________ _____________________ (1970); Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 15 F.3d _________________ _________________________ 1222, 1226 (1st Cir. 1994). Hence, a defendant who fails to assert an affirmative defense at all, or who asserts it in a largely uninformative way, acts at his peril. See, e.g., FDIC v. ___ ____ ____ Ramirez-Rivera, 869 F.2d 624, 626 (1st Cir. 1989). ______________ In determining whether general, non-specific language in a defendant's answer, as was used here, suffices to preserve an affirmative defense, an inquiring court must examine the totality of the circumstances and make a practical, commonsense assessment about whether Rule 8(c)'s core purpose to act as a safeguard against surprise and unfair prejudice has been vindicated. In this case, USF&G complied with the spirit, if not the letter, of Rule 8(c). Well before the close of discovery and six months prior to the filing of the cross-motions for  ____________________ specifically in the enumeration, it is a "matter constituting an avoidance," and, thus, ordinarily comes within the ambit of the rule. See, e.g., Keenan v. Dow Chem. Co., 717 F. Supp. 799, 808- ___ ____ ______ _____________ 09 (M.D. Fla. 1989). 11 summary judgment USF&G wrote to appellants and amplified its position, asseverating that count 2 should be dismissed under Rule 12(b)(6) because ERISA preempted section 29. In the papers accompanying the cross-motions for summary judgment, both sides briefed the preemption issue. Thus, no ambush occurred. Where, as here, a plaintiff clearly anticipates that an issue will be litigated, and is not unfairly prejudiced when the defendant actually raises it, a mere failure to plead the defense more particularly will not constitute a waiver. See Conjugal ___ ________ Partnership, 22 F.3d at 401; Lucas v. United States, 807 F.2d ___________ _____ ______________ 414, 418 (5th Cir. 1986). Fourth: Appellants' final attempt to resuscitate their Fourth: ______ claim against USF&G is hardly worth mentioning. It involves the resupinate assertion that the Supremacy Clause of the Federal Constitution, U.S. Const. art. VI, cl. 2, bars preemption of section 29. This assertion is doubly flawed. For one thing, it is new to the case, having been alluded to, but not developed below, and accordingly, it is procedurally defaulted. See, e.g., ___ ____ McCoy, 950 F.2d at 22 ("It is hornbook law that theories not _____ raised squarely in the district court cannot be surfaced for the first time on appeal."). For another thing, it takes a topsy- turvy view of preemption. After all, when the Supremacy Clause is implicated, federal law trumps state law, not vice versa. See ___ Florida Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 142 _____________________________________ ____ (1963). We need go no further. The district court astutely 12 concluded that past is prologue, and looked to McCoy. See _____ ___ Williams, 863 F. Supp. at 48. We agree that McCoy controls. ________ _____ Hence, Mass. Gen. L. ch. 149, 29, as it applies to employee welfare benefit plans, is preempted by ERISA 514(a). The trustees' suit, therefore, fails. Affirmed. Affirmed. ________ 13