## CIRCUIT COURT OF ARLINGTON COUNTY

Pinnacle Software Corp.

v.

Forms, Inc.,
d/b/a Spectra Graphics

May 14, 1991

Case No. (Law) 91-74

By JUDGE ALFRED D. SWERSKY

Defendant has moved to dismiss this motion for judgment or in the alternative to quash service of process.

From the facts as alleged in the motion for judgment, plaintiff is a District of Columbia Corporation with its principal place of business in the District, and defendant is a Pennsylvania Corporation with its principal place of business in Pennsylvania. The parties entered into a contract allegedly signed by Forms' Agent for the leasing of computer software, and Pinnacle alleges a breach of that contract.

Forms has filed an affidavit that it is not licensed in and does not regularly conduct business in Virginia and that no part of this transaction occurred in Virginia.

Pinnacle asserts that there is a "choice of forum" clause in the contract in which the parties agree that the laws of Virginia will govern the contract and "In the event of any dispute under this agreement, a suit may be brought only in a Court of competent jurisdiction in Virginia."

Defendant's argument that their agent who signed the contract was not authorized to do so is premature as it presents issues of fact for determination at trial

or in other appropriate motions. However, defendant's contention that the service of this process under the long-arm statute (§ 8.01-328.1) is properly asserted. It argues that the choice of forum clause in the contract is not a waiver of its right to assert a lack of personal jurisdiction and that the facts do not support any basis for the assertion of jurisdiction under the statute. Plaintiff argues that the forum selection clause is valid on its face and operates as a waiver of defendant's objection to the method of service of process.

Without deciding the waiver question, the Court finds that the enforcement of this forum selection clause would be unreasonable. These clauses have been approved and will be enforced unless the defendant establishes "that such provisions are unfair or unreasonable, or are affected by fraud or unequal bargaining power." *Paul Business Systems, Inc. v. Canon USA, Inc., et al.*, 240 Va. 337, 342 (1990). While there is no evidence of fraud or overreaching by plaintiff, there is no basis shown for the choice of Virginia as the appropriate forum. No witnesses are alleged to reside here nor is any act alleged to have occurred here. There is simply no rational basis for the forum selection clause choice of Virginia. Enforcement of this provision would be, therefore, unreasonable. Since plaintiff can point to no other basis for the assertion of jurisdiction by Virginia, the Motion to Dismiss will be granted without prejudice to the rights of plaintiff.