## CIRCUIT COURT OF ROCKINGHAM COUNTY

Americast,
a Division of
Valley Blox, Inc.

v.

Accubid Excavation, Inc.

November 18, 1999

Case No. CL99-11730

BY JUDGE JOHN J. MCGRATH, JR.

This case is currently before this court on Defendant's motion to dismiss for lack of in personam jurisdiction. Plaintiff is a Virginia corporation and authorized to conduct business in Maryland as a supplier of precast concrete materials. Defendant is a Maryland corporation engaged in business as an excavation contractor in the state of Maryland. Plaintiff has filed a breach of contract action based on Defendant's alleged failure to pay the balance due to Plaintiff for products supplied to Defendant in Maryland. The contract between Plaintiff and Defendant contains a "forum selection" clause that designates Virginia as the forum state for any litigation. Defendant was served in compliance with Virginia's Long Arm Statute, through the Secretary of the Commonwealth.

Relying on *Pinnacle Software Corp. v. Forms, Inc.*, 24 Va. Cir. 96 (Arlington County, 1991) (Swersky, J.), an opinion from the Circuit Court of Arlington County, Defendant claims that the "forum selection" clause in the contract should be ignored because there are not sufficient contacts with Virginia to support its application in this case. See *Pinnacle Software Corp. v. Forms, Inc.*, 24 Va. Cir. 96 (Arlington County, 1991) (Swersky, J.). This reliance, however, is misplaced. In *Pinnacle*, neither the Plaintiff nor the Defendant had any contacts with Virginia; one was a Pennsylvania corporation

and one was a District of Columbia corporation. *Id.* Furthermore, the circuit court in *Pinnacle* stated that "these [forum selection] clauses have been approved and will be enforced unless the Defendant establishes 'that such provisions are unfair or unreasonable, or are affected by fraud or unequal bargaining power.' " *Id.* (quoting *Paul Business Systems, Inc. v. Canon USA, Inc.*, 240 Va. 337, 342 (1990)). The court continued in *Pinnacle* to state that since there was no rational basis shown for selection of Virginia as the forum state, the provision was unreasonable. *Id.*

In the case at hand, Plaintiff is a Virginia corporation, and Plaintiff has alleged that some of the materials in this case were manufactured in Virginia. In light of these facts, it seems quite reasonable to this court that Virginia be selected as the forum state. Because the Supreme Court of Virginia has upheld the use of such forum clauses and will give effect to them absent a showing that the provision is unfair, unreasonable, or affected by fraud or unequal bargaining power (see *Paul Business Systems, supra*), this court overrules Defendant's motion to dismiss and allows the case to proceed.

The Clerk of the Court is directed to send certified copies of this order to James D. Fullerton, Esq., and Kavita S. Knowles, Esq., counsel for Plaintiff, and James V. Lane, Esq., counsel for Defendant.