# Gargano & Associates, P.C., & others[1] *vs.* John Swider & Associates (and a companion case[2]).

No. 98-P-984.

Middlesex. Suffolk. June 1, 2000. - June 21, 2002.

Present: Armstrong, C.J., Lenk, & Rapoza, JJ.

*Contract,* Arbitration. *Consumer Protection Act,* Arbitration, Availability of remedy. *Arbitration,* Consumer Protection Act. *Words.* "Business context."

In a civil action arising out of a contractual dispute, a Superior Court judge did not err in granting summary judgment in favor of the defendant on the plaintiffs' G. L. c. 93A, § 9, claim, based on the conclusion that the plaintiffs had voluntarily submitted that claim to arbitration and were thus foreclosed from pursuing the same claim in Superior Court, where the plaintiffs had raised the § 9 claim during arbitration, engaged in arbitration discovery with respect to the claim, agreed to reserve resolution of the claim pending the arbitrator's ruling on the underlying contract dispute, and asserted the claim in Superior Court only after the arbitrator had ruled in favor of the defendant on the underlying contract dispute. [260-262]

A law firm owned and operated by a single individual acted in a "business context" for purposes of G. L. c. 93A, § 11, when engaging a contractor to renovate the law firm's office space; as a consequence, the law firm's sole recourse against the contractor on the law firm's G. L. c. 93A claim was by means of arbitration, as contractually agreed by the parties, and a Superior Court judge properly granted summary judgment in favor of the contractor on the law firm's complaint seeking to raise the G. L. c. 93A claim in court. [262-263]

Civil action commenced in the Superior Court Department on October 24, 1997.

The case was heard by *James F. McHugh, III,* J., on motions for summary judgment.

Civil action commenced in the Superior Court Department on June 8, 1998.

The case was heard by *Nonnie S. Burnes,* J.

[1] Paul A. Gargano and Sheila K. Gargano.

[2] John Swider & Associates *vs.* Gargano & Associates, P.C.

*John C. Fraser* for Gargano & Associates, P.C., & others.

*Lynne Alix Morrison (David S. Weiss* with her) John Swider & Associates.

RAPOZA, J. This case comes before us on the consolidation of three appeals[3] stemming from contractual dealings between the three plaintiffs, Gargano & Associates, P.C. (G & A), and Paul and Sheila Gargano (Garganos), and the defendant, John Swider & Associates (JSA). The Garganos entered into a contract with JSA for the construction of a home, and G & A[4] entered into a separate contract with JSA for the renovation of its law office space. In the wake of the performance of those agreements, there followed arbitration proceedings and litigation in the Superior Court, which, in turn, gave rise to the appeals that we consider here: (1) an appeal by the Garganos from the entry of summary judgment in favor of JSA on the Garganos' claim pursuant to G. L. c. 93A; (2) an appeal by G & A from the entry of summary judgment in favor of JSA on G & A's claim pursuant to G. L. c. 93A; and (3) an appeal by G & A from a judgment of the Superior Court confirming the arbitration award issued in favor of JSA against G & A. We affirm.

*Background.* The Garganos contracted with JSA to construct a home in Hyannisport, and G & A entered into a separate contract with JSA to renovate G & A's law office space in Cambridge. Each contract included a provision stating that contract claims and disputes were to be resolved by arbitration.[5] Unhappy with the work performed on their respective projects, both the Garganos and G & A refused to make final payment to the contractor, asserting that JSA had breached its contractual obligations by failing to perform certain work and by completing other tasks in an unworkmanlike manner. In response, JSA

[3]A fourth appeal, relating to the confirmation of an arbitrator's award against the Garganos, was dismissed at the request of the parties.

[4]Paul Gargano is the principal and owner of Gargano & Associates, P.C., a law firm.

[5]The arbitration provisions, although not identical, were substantively the same and called for the submission to arbitration of all claims or disputes relating to the contract and performance thereunder, with the arbitrator's award to be final. Any differences between the agreements are without significance to the resolution of the consolidated appeals before us.

filed demands for arbitration against both the Garganos and G & A.

In their respective "answering statements" to JSA's demands for arbitration, G & A and the Garganos claimed to have suffered damages due to JSA's own breaches and alleged violations of c. 93A. They also disputed the arbitrability of the claims raised, although both subsequently participated in the ensuing arbitrations. After filing their answering statements to JSA's demands for arbitration, the Garganos and G & A presented a joint demand letter to JSA pursuant to G. L. c. 93A, seeking compensation in the total amount of $225,000.

Following an exchange of discovery, JSA and the Garganos conducted an eleven-day arbitration over the summer months of 1997 regarding the construction of the Hyannisport home. Prior to the hearing, they had agreed to bifurcate the proceedings, with the Garganos' c. 93A claim to be "revisited" after a decision was rendered relative to the various contract claims. On October 9, 1997, the arbitrator awarded JSA a net amount of $117,279 "in full settlement of all claims and/or counterclaims submitted to this arbitration." No further action was taken with respect to the c. 93A claim of the Garganos. On March 30, 1998, the arbitration award was confirmed in the Superior Court.

Approximately one month after the arbitrator's decision in favor of JSA, the Garganos and G & A filed a joint complaint in the Superior Court against the contractor, each alleging the breach of their respective contracts and violations of c. 93A by JSA. JSA subsequently filed a motion to dismiss the complaint, which was converted, by agreement, into a motion for summary judgment. That motion was granted in favor of JSA not only with respect to the contractual claims of the Garganos and G & A, but also with respect to G & A's claim pursuant to c. 93A, on the ground that the parties had contractually agreed that such claims would be resolved through arbitration. However, the motion judge denied JSA summary judgment as to the Garganos' c. 93A claim, stating that it could be maintained in Superior Court irrespective of the arbitration provision in the contract because, he concluded, a

claim brought under G. L. c. 93A, § 9, cannot be involuntarily placed before an arbitrator.[6] The judge specifically noted, however, that the award's impact on the Garganos' claim under c. 93A was not before him. A separate and final judgment entered in favor of JSA on G & A's claims, and G & A appealed.

A second arbitration hearing was held before a different arbitrator in February, 1998, concerning the dispute over work done by JSA at G & A's law office in Cambridge. On April 22, 1998, the arbitrator awarded JSA a net amount of $60,167.38 and specifically noted that G & A was awarded nothing on its c. 93A claim. That award was also subsequently confirmed in the Superior Court, and G & A appealed.

On April 30, 1998, JSA filed a second motion for summary judgment claiming that, despite the motion judge's prior ruling to the contrary, the Garganos' c. 93A claim could not be pursued in Superior Court, ostensibly because it had already been submitted to binding arbitration during the summer months of 1997.[7] On May 29, 1998, the same motion judge who had initially denied JSA's first motion for summary judgment as to the Garganos' c. 93A claim allowed its second such motion. The judge concluded that by raising their c. 93A claim in the 1997 arbitration proceeding, the Garganos were foreclosed from pursuing the same relief in Superior Court. The Garganos appealed from the ensuing judgment.

*Discussion.* "Summary judgment will be upheld when, 'viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.' " *Metropolitan Property & Cas. Ins. Co.* v. *Choukas*, 47 Mass. App. Ct. 196, 199 (1999), quoting from *White* v. *Boston*, 428 Mass. 250, 251-

[6]Essentially, the judge treated G & A's c. 93A claim as one brought under § 11 (rather than § 9) and ruled that, as such, it was a claim requiring arbitration. See, e.g., *Drywall Sys., Inc.* v. *ZVI Constr. Co.*, 435 Mass. 664, 666-667 (2002).

[7]Although the Garganos filed an opposition to the motion, they did not controvert any of the assertions contained in JSA's statement of undisputed facts pursuant to rule 9A(b)(5) of the Rules of the Superior Court (1999). See *Rosario* v. *M.D. Knowlton Co.*, 54 Mass. App. Ct. 796, 797 n.2 (2002).

252 (1998). Considering the facts in that light, we review the claims raised in this appeal.

1. *Garganos vs. JSA.* The Garganos first assert that it was error for the motion judge to grant JSA's second motion for summary judgment on the ground that they had voluntarily submitted their G. L. c. 93A, § 9, claim to arbitration under the contract, thus foreclosing any consideration of the same claim in the Superior Court. They also contend that whether their § 9 claim was submitted to the arbitrator constitutes a genuine issue of material fact.

Before proceeding to court with a claim under G. L. c. 93A, § 9, a consumer is under no obligation to exhaust other remedies, including arbitration provisions provided by contract. See *Hannon* v. *Original Gunite Aquatech Pools, Inc.*, 385 Mass. 813, 816 (1982). See also *Greenleaf Engr. & Constr. Co.* v. *Teradyne, Inc.*, 15 Mass. App. Ct. 571, 574-575 (1983). General Laws c. 93A, § 9(6), states as follows:

> "Any person entitled to bring an action under this section *shall not be required* to initiate, pursue or exhaust any remedy established by any regulation, administrative procedure, local, state or federal law or statute or the common law in order to bring an action under this section . . ." (emphasis supplied).

See *Hannon* v. *Original Gunite Aquatech Pools, Inc.*, 385 Mass. at 826 (provisions of G. L. c. 93A, § 9(6), apply to arbitration, which is "comprehended within either 'common law' or statutory remedies").

The issue here is whether the Garganos can voluntarily submit a § 9 claim to arbitration and still maintain the right to bring that claim in Superior Court. The Garganos first raised a § 9 claim in their answering statement to JSA's December 26, 1996, demand for arbitration. Thereafter, on January 17, 1997, the Garganos sent a c. 93A demand letter to JSA claiming that "[JSA] has willfully and knowing [*sic*] employed unfair and deceptive business practices in its dealings with the Garganos." Both the Garganos and JSA proceeded to engage in arbitration

discovery concerning not only the contractual claims, but also the Garganos' c. 93A claims.

On June 9, 1997, the first day of arbitration, counsel for both parties spoke on the record and agreed to bifurcate the issues. The Garganos did not object to the arbitrator's jurisdiction over their § 9 claim at that time. In fact, they agreed to resolve the contract claims first, and then present evidence on the c. 93A claim "depending upon what the award of the [a]rbitrator is."[8] The parties proceeded to litigate the contract dispute before the arbitrator, and reserved the issues of fraud, deceit and unfair business practices until a later stage in the arbitration. It was only after the arbitrator issued his ruling on the contract claim that the Garganos filed an action in Superior Court.

The Garganos raised their § 9 claim in the context of the arbitration proceedings. Moreover, they engaged in arbitration discovery with respect to their § 9 claim; they reserved that claim for a possible second phase of the arbitration; and they did not assert their claim in Superior Court until JSA had prevailed in the arbitration. Indeed, by agreeing to bifurcate the hearing, the Garganos made clear their understanding that the § 9 claim would be a part of the arbitration proceeding. Contrast *Simas* v. *House of Cabinets, Inc.*, 53 Mass. App. Ct. 131, 137- 138 (2001) (record reflected that all concerned in G. L. c. 142A

---

[8]The attorney for the Garganos made the following statements prior to the commencement of the arbitration:

"Before beginning the testimony and beginning this arbitration, [the attorney for JSA] and I have discussed a number of issues. I'm just going to encapsulate what I believe to be the agreement and just ask [JSA's attorney] if that is his understanding as far as the agreement.

"The first agreement concerns the issue of the 93A claim that was raised in the context of the counterclaim by Paul and Sheila Gargano. The parties have agreed to bifurcate that issue; that is, there will be no evidence presented to the Arbitrator in the context of these next few days of arbitration hearings on that issue, but the parties agree that that issue will be held in abeyance pending the award of this Arbitrator, and the issue will be revisited after the award is rendered to determine whether or not Mr. Gargano wishes to pursue that 93A claim, again, depending upon what the award of the Arbitrator is."

When asked by the Garganos' counsel whether this was a fair representation of the agreement, JSA's attorney responded, "Yes, it is."

arbitration assumed c. 93A claims were not to be heard at arbitration; plaintiff free to later litigate c. 93A claim in court). In these circumstances, although the Garganos agreed not to present any evidence regarding their c. 93A claim at the initial stage of the arbitration, we conclude as matter of law that they voluntarily submitted their G. L. c. 93A, § 9, claim to arbitration. "An arbitration award handed down pursuant to proper procedures and properly confirmed is binding on the parties and provides the measure of recovery on all claims properly within the submission." *Floors, Inc.* v. *B. G. Danis of New England, Inc.*, 380 Mass. 91, 99 (1980). Having elected to submit their § 9 claim to arbitration, the Garganos were foreclosed from pursuing the same claim in Superior Court. Accordingly, the entry of summary judgment in favor of JSA on the Garganos' G. L. c. 93A, § 9, claim was proper.

2. *G & A vs. JSA.* G & A claims error in the motion judge's ruling that the law firm, as a business, was not entitled to bring a claim under G. L. c. 93A, § 9. Rather, the judge concluded that G & A's cause of action was brought under G. L. c. 93A, § 11, which applies to those "engage[d] in the conduct of any trade or commerce." The consumer protection statute distinguishes between "a business person and an individual who participates in commercial transactions on a private, nonprofessional basis." *Lantner* v. *Carson*, 374 Mass. 606, 610 (1978). In *Lantner*, it was concluded that "where the Legislature employed the terms 'persons engaged in the conduct of any trade or commerce,' it intended to refer specifically to individuals acting in a business context." *Id.* at 611. The question before us, then, is whether a law firm owned and operated by a single individual is acting in a "business context" when engaging a contractor to renovate the law firm's office space.

Whether a transaction takes place in a "business context" is to be "determined from the circumstances of each case." *Begelfer* v. *Najarian*, 381 Mass. 177, 191 (1980). An assessment of liability under § 11 requires consideration of "the nature of the transaction, the character of the parties involved, and the activities engaged in by the parties. Other relevant factors are whether similar transactions have been undertaken in the past, whether the transaction is motivated by business or personal reasons (as in the sale of a home), and whether the participant played an

active part in the transaction." *Ibid.* (citation omitted).

It is G & A's position that, as a law firm engaged only in the practice of law, the services for which G & A contracted with JSA are outside of the business context within which G & A operates. Accordingly, G & A maintains, it entered into the contract for remodeling essentially as a "private individual" and was thus entitled to bring a consumer protection claim under § 9. G & A fails to note, however, that § 11 has not been read "as requiring that a commercial transaction must take place only in the ordinary course of a person's business or occupation before its participants may be subject to liability under G. L. c. 93A, § 11." *Begelfer* v. *Najarian, supra.* See *Lynn* v. *Nashawaty,* 12 Mass. App. Ct. 310, 314 (1981) (isolated transaction outside of normal course of business may constitute violation of § 11 as long as it takes place in a business context).

The office space occupied by G & A is an asset of the law firm. A contract to remodel that property, therefore, concerns commercial property that is used for a business, and, presumably, the renovations are an attempt to improve, at a minimum, the environment of that business. Therefore, the nature of the transaction is grounded in business: a contract for remodeling and repairs of business office space. The parties involved were businessmen, and Paul Gargano is an attorney and the owner of a law firm bearing his name.

Juxtaposing the facts of this case with the criteria set forth in *Begelfer,* we cannot say as matter of law that this transaction was not conducted in a "business context." Accordingly, the Superior Court judge's conclusion that G & A's c. 93A claim was brought under § 11 was not erroneous. As a consequence, G & A's sole recourse against JSA was by means of arbitration, as contractually agreed by the parties, and summary judgment was properly granted to JSA in the Superior Court.[9]

*Conclusion.* The judgments in favor of JSA on all counts of the plaintiffs' complaint are affirmed. In addition, the judgment

---

[9]We note that the exhaustion of remedies provision of G. L. c. 93A, § 9(6), has no analog in § 11. See *Greenleaf Engr. & Constr. Co.* v. *Teradyne, Inc.,* 15 Mass. App. Ct. at 575 ("no such provision appears in §· 11").

confirming the arbitration award in favor of JSA in its dispute with G & A is affirmed.[10]

*So ordered.*

---

[10]It cannot be said with certainty that G & A has waived its right to appeal the confirmation of the award, as JSA argues. It can be said, however, that the issues raised by each appeal (the award of summary judgment on the c. 93A claim and the confirmation of the arbitration award) overlap: in the first instance G & A contests the court's ruling that its c. 93A claim arises in § 11, while in the second circumstance G & A disputes the arbitrator's authority to hear the c. 93A claim, on the ground that it is a § 9 claim, not a § 11 claim, and that, therefore, G & A could not have been compelled to present it to the arbitrator. In any event, our determination that G & A was not entitled to bring a c. 93A, § 9, claim is dispositive of the appeal from the confirmation of the arbitration award. There is no basis for the sanctions requested by JSA.