Wheatley, PJ.
The plaintiff (Grant) files this expedited appeal, under Mass. Dist/Mun. Cts. R. A. D. A., Rule 8A, of two judgments of dismissal as to C & I Steel, Inc. (C&I) and Continental Insurance Company (Continental).[1] We affirm the judgment on both motions.[2]
Fox, the owner, hired Bond, the general contractor, to build a new television studio in Dedham, Massachusetts. Bond, in turn, hired a subcontractor, C&I, to fabricate the steel framework for the building. C&I hired RAD to erect the steel, and RAD, for the purposes of this appeal, hired Grant to provide crane service to lift the framework into place. Continental issued a payment bond for C&I. Grant performed some work, for which demand for payment was made to no avail. In the matters pertinent to this appeal, Grant sued C&I for labor and materials and quantum meruit, and sued Continental on its bond and for a violation of G.L.c. 93A.
The two rulings under consideration here concern, 1. C&I’s motion to dismiss and/or for summary judgment and 2. Continental’s motion to dismiss. Motions to dismiss only address the sufficiency of the complaint. “The plaintiffs claim must be based on facts set forth in the complaint; all materials outside the pleadings are excluded from this review.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The exception to the limited area of review on a motion to dismiss arises when “matters outside the pleadings are presented to and not excluded by the court....” Mass. R. Civ. R, Rule 12(b) (6), para. 2. On the other hand, with motions for summary judgment, the court may consider matters outside the pleadings, namely, the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. Mass. R Civ. R, Rule 56(c).
The docket in this case reflects that C&I’s motion to dismiss/and or for summary judgment was heard and allowed on January 31, 2003, and findings were made that referred to affidavits outside the pleadings. The docket further shows that, on February 4, the court heard and allowed Continental’s motion to dismiss, *165 with no findings, which we would ordinarily determine was treated as a motion to dismiss. However, a reading of the judge’s findings, dated January 31, clearly show that they apply, not to the ruling on C&I’s motion for summary judgment, heard January 31, but rather to the hearing on Continental’s motion held four days later. Thus, we conclude that the court referred, at the hearing on Continental’s motion, to affidavits outside the pleadings. It appears to be merely an entry error concerning the date. We will, therefore, treat both motions as motions for summary judgment.

C&I’s motion to dismiss and/or for summary judgment.

“Summary judgment shall be upheld when, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law. [Citations omitted] The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law.” 1-A Equip. Co. v. Icode, Inc., 2003 Mass. App. Div. 30, 31; Mass. R Civ. P., Rule 56(c).
In its complaint, count III, Grant alleges an implied contract in that C&I hired RAD to erect a steel frame, that C&I knew or should have known that Grant provided crane and trucking services for such work, that C&I controlled the funding for the steel erection and was obligated to assure that Grant was paid, and that C&I was notified that there was an unpaid balance ‘but failed to assure payment.” Elsewhere in the complaint, Grant alleges that RAD “engaged [Grant] to provide crane and trucking services,” and Grant provided them to RAD “from October 16th to November 14, 2001, at agreed charges.” In count V, Grant alleges quantum meruit, and seeks payment for the fair and reasonable value of its services.
Together with its motion to dismiss and for summary judgment, C&I filed an affidavit signed by C&I’s president, John Paulding, Sr. Mr. Paulding states that, from October 12 through December 3, 2001, C&I paid RAD on a weekly basis and each time received a release of lien from RAD stating that all work for which payment was being made had been completed and paid for; that, based on the releases C&I believed that Grant had been paid, that they had never entered into any kind of agreement with Grant and never expected to pay any subcontractor of RAD.
“If the motion for summary judgment is properly supported by affidavits, the adverse party must then respond by affidavits and set forth facts showing that there is a genuine issue for trial.” 1-A Equip. Co., supra; Mass. R. Civ. P., Rule 56(e). Grant made no evidentiary response to C&I’s affidavit and argues that, before the motion was decided, it ought to have been given an opportunity for discovery. Rule 56(f), Mass. R Civ. P., can provide such relief. The court may continue the hearing to allow the party opposing the motion to obtain affidavits, take depositions or do other discovery to support its opposition. However, to obtain a continuance, Grant was required to file a motion supported by an affidavit stating the factual basis and the reasons for its inability to oppose summary judgment J. SMITH & H. ZOBEL, RULES Rracuce, §56.8, Mass. Fractice Series, p. 361. Grant filed neither an affidavit nor a motion, which is fatal. Brick Construction Corp. v. CEI Development, Tetrault v. Mahoney, Hawkes and Goldings, 425 Mass. 456, 458 (1997); 46 Mass. App. Ct. 837, 840 (1999). Therefore, we consider only the documents on record before us.
It is undisputed that there was no express contract between Grant and C&I. As a basis for its claims for labor and materials and quantum meruit, Grant urges us to determine that, because C&I hired Continental to issue a payment bond that includes Grant as a “... claimant who do[es] not have a direct contract with [C&I] ...,” C&I knew that Grant expected to be paid by C&I, if not paid by RAD. The only factual evidence relating to this is C&I’s president’s denial. In fact, the bond terms, in the event of failure by RAD, require Continental to pay Grant, not C&I. Nothing in the record indicates that a reasonable man in the position of C&I’s employees *166 should have understood from what they knew that Grant expected payment from them for its services and materials. True v. Lebowich, 243 Mass. 369, 371 (1922). There being no contract by C&I to pay Grant, and no reasonable expectation on the part of either party of payment from C&I to Grant, Grant’s claim under count III fails. See LaChance v. Rigoli, 325 Mass. 425, 427 (1950).
Grant’s assumption that the theory of quantum meruit applies in this case is also flawed. “Recovery in quantum meruit presupposes that no valid contract covers the subject matter of a dispute. Where such a contract exists, the law need not create a quantum meruit right to receive compensation for services rendered.” Boswell v. Zephyr Lines, Inc., 414 Mass. 241, 250 (1993). At the time Grant performed the services, it had a valid contract for payment with RAD. Further, the services were not rendered for the party sought to be charged (C&I), they were rendered for RAD. Nor, as was stated previously, does the record reflect that C&I expected to pay for them. “The contracting party must look for payment to the one to whom credit was extended when the work was done, that is, the one who was expected to pay and who in fact expected to pay or as a reasonable man should have expected to pay.” See Restatement: RESTrrunoN, §110; LaChance, supra.

Continental’s motion to dismiss (treated as a motion for summary judgment).

Grant has made two claims against Continental, one for “Claim on Bond” (count VII) and another for a violation of G.L.c. 93A (count VIII). Grant, in its complaint, alleges that “[it] provided crane and trucking service to RAD Steel Company for the installation and erection of the steel frame for the FOX project on a daily basis from October 16th to November 14, 2001, at agreed charges,” that C&I provided a payment bond on which Continental was the surety, that Grant’s charges for services and materials, after demand, remain unpaid and that, as surety, Continental “is liable to [Grant] for payment due and payable herein.” A copy of the bond is attached to the complaint. The only other document to be considered by us is an affidavit of Grands office manager, referring to attached letters sent and received. She verifies a letter from her to Fox sent March 14,2002, a fax of the same letter to Bond on February 15, and a response from Bond on March 25, 2002 enclosing a copy of the Continental bond. She concludes her affidavit by detailing the actual work days, as opposed to calendar days, that Grant operates its business and says that Grant “received copies of the bond after we gave notice.”
Continental argues that Grant’s statement of its claim under the bond (count VII) fails because the bond requires a claimant in Grant’s position to give a notice within 90 days of the date when the claimant last performed labor or furnished materials (November 14, 2001).[3] The pertinent language in the bond clearly requires as a prerequisite that Continental receive timely notice:
4. The Surety shall have no obligation to Claimants under this Bond until:... 4.2 Claimants who do not have a direct contract with the Contractor: 1. Have furnished written notice to the Contractor and sent a copy, or notice thereof to the Owner, within 90 days after having last performed labor or last furnished materials or equipment. ...
Paragraph 44 of the complaint does allege timely notice under the bond. Also, paragraph 18 says:
18. Notice of claim was given by Grant to Continental Insurance Company (and other relevant parties, if any), within the time frame provided in the bond agreement, *167 acknowledged by Continental’s agent and representative, CNA Insurance, by letter dated April 30,2002.[4]
However, the March 14 letter to Fox implies that it is the first notice by Grant of non-payment to any of the parties other than RAD, who was notified in January. The response letter from Bond on March 25 indicates that Grant was receiving, for the first time, a copy of the Continental bond. Logic dictates that no notice of default payments was given to Continental before March 25. Ninety days from November 14, 2001 is February 12,2002. Without stating her findings in full, the trial judge found, in substance, that Grant failed to file its claim in a timely manner, that “Notice was provided after 90 days.”
“The general rule is that a party suing on a bond must show strict compliance with its terms.” Simplex Time Recorder Co. v. Federal Ins. Co., 37 Mass. App. Ct. 947 (1994), citing General Elec. Co. v. Lexington Contr. Corp., 363 Mass. 122, 123-124 (1973).[5] See also Salem Bldg. Supply. Co. v. J. B. L. Constr. Co., 10 Mass. App. Ct. 360 (1980). Because Grant did not provide evidentiary documents that it gave notice to Continental on or before February 12, 2002, it is barred from making a claim under the bond (count VII).
Grant neither briefed nor argued any issues concerning the dismissal of its count VIII. Therefore, we do not consider an appeal concerning that count, Mass. Dist./Mun. Cts. R. A. D. A., Rule 16(4), which, in any event was based on count VII, which has been barred. Accordingly, we affirm the decision of the trial court and dismiss this appeal.
So ordered.

 Claims against WXX-Channel 25 Fox Television (Fox) and Bond Brothers, Inc. (Bond) were dismissed and no appeal was taken. The claim against RAD. Steel, Inc. (RAD) remains open.

 Concerning both motions, Grant moved in the trial court to strike Continental’s and C&I’s motions. These were, in effect, statements of opposition to the defendants’ motions and were also properly denied.

 Grant argued in its brief that the 90 days are working days, rather than calendar days, but offered no supportive case law and indicated at our hearing that he was not “pressing that issue.” We, therefore, do not consider it.

 Continental asserts that the date of April 30, 2002, is more than 90 days from November 14,2001, and, therefore, Grant did not adhere to the terms of the bond, and is unable to sustain a claim. A closer reading of paragraph 18, however, reveals that April 30 is the date of the acknowledgment letter, rather than the date of Grants notice.

 This action was brought concerning a bond issued under G.L.C. 149 in connection with a public project Though the case at bar is a private project, the same law applies. The relevant language in G.L.C. 149, §29A permits suit upon such bond “in accordance with its provisions.”