STATE OF MAINE

LINCOLN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-012

RECEIVED AND FILED
LINCOLN COUNTY SUPERIOR COURT
MAR 17 2005
SHARON SIMPSON
CLERK

BEVIN V. CHEROT and
LKC CORPORATION,

Plaintiffs

v.

DECISION AND ORDER

PEMAQUID BEACH BOAT WORKS
and GUSTAV KONITZKY,

Defendants

APR 2005

This matter is before the court on the defendants' motion to stay proceedings pending arbitration. By this motion, the defendants seek to have the parties' dispute submitted to arbitration as their contract provides.

Plaintiff LKC Corporation (LKC)[1] and defendant Pemaquid Beach Boat Works, Inc. (PBBW), entered into a contract on May 7, 1998, calling for the latter to construct a bass boat for the former which was to be paid for by periodic payments when certain events in the boat's construction were accomplished.

Within that contract is found the following provision:

8.    **Arbitration.** Any controversy or claim arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration in accordance with the Rules of the American Arbitration Association, said arbitration to be held in the State of Maine. *The buyer agrees to pay all cost associated with this dispute such as legal fees (both parties), surveys, hauling and transportation fees, fuel and engine fluids check and all outstanding payments and change order costs.* Judgment upon any award reached by the arbitrators may be entered in any court of Maine having jurisdiction thereof. The parties expressly stipulate and agree that arbitration shall be the sole and exclusive form for resolution and settlement of any controversy of claim resulting from this agreement and that the court's

---

[1] The plaintiff represent that LKC Corporation is a family-owned corporation the sole purpose of which is to hold assets, namely a sailboat and the bass boat under construction by PBBW, for plaintiff Cherot's children. *See* Complaint, ¶¶ 2-6.

involvement shall be in accordance with the law relating to arbitration awards.

(Emphasis supplied).

Over time, the plaintiffs became dissatisfied with the progress of the construction of the boat, so brought this action. Although their complaint is expressed in two counts, the plaintiffs, through counsel, have represented that the entire cause of action is based on the defendants' alleged violation of Maine's Unfair Trade Practices Act (UTPA), 5 M.R.S.A. § 205-A, *et seq.*[2]

The defendants have filed this motion to stay the proceedings and to require the plaintiffs to submit their grievance to arbitration as paragraph 8, supra, of their contract provides.

The plaintiffs oppose this effort and cite a variety of reasons why they should not be compelled to go to arbitration and should be permitted to prosecute this case in this court.

First among the plaintiffs' arguments is that the arbitration clause in the contract is inapplicable and void because section 214 of the UTPA provides that, "Any waiver by a consumer of the provisions of this chapter is contrary to public policy and shall be unenforceable and void." 5 M.R.S.A. § 214. Thus, it is argued, because a provision "of this chapter" authorizes commencement of an action under the UTPA in the Superior Court or District Court, 5 M.R.S.A. § 213,[3] the plaintiffs cannot, by virtue of the

---

[2] At oral argument on the motion, plaintiffs' counsel acknowledged that a factor in basing the complaint on the UTPA was to avoid arbitration and the provision in the contract's arbitration paragraph which requires the buyer/plaintiffs to pay all arbitration costs.

[3] Title 5 M.R.S.A. § 213 reads as follow:

    **§ 213.  Private remedies**

        **1.    Court action.** Any person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 207 or by any rule or regulation issued under section 207, subsection 2 *may bring an action*

arbitration clause in the contract, be required to submit to arbitration because they have a statutory right to bring this action here which cannot be waived.

Further, because the UTPA allows the successful complainant to recover attorney's fees, the provision in the arbitration clause of the parties' contract which imposes all fees on the buyer/plaintiff is contrary to the UTPA and must not be enforced against the plaintiffs who are relying on that statute in prosecuting this case.

The plaintiffs also argue that their agreement with the defendants to arbitrate all disputes does not apply to their grievance because they intend to raise issues with the defendants' "overall business conduct, not only with this plaintiff-customer but also with other customers." Plaintiffs' Reply to Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Stay . . ., p. 4, n.4. Accordingly, the plaintiffs say they will seek non-contract remedies only available under the UTPA, such as injunctive relief "which seeks to alter the future course of conduct of both Defendants, but primarily the individual Defendant, e.g., to prohibit Gus Konitzky from operating and managing any boat building or similar business." *Id.*, n.5; Complaint, p. 7, ¶ 4. Thus, because Gus Konitzky is not a party to the contract and is the object of the plaintiffs' mission to obtain the broad relief available under the UTPA, their complaint against him is not subject to the arbitration clause. So, the plaintiffs say, because their case is more than a contractual dispute over the construction of a boat, the arbitration clause does not apply and the plaintiffs cannot be prevented from proceeding further here.

---

*either in the Superior Court or District Court* for actual damages, restitution and for such other equitable relief, including an injunction, as the court determines to be necessary and proper. There is a right to trial by jury in any action brought in Superior Court under this section.
(Emphasis supplied).

In the court's view, these arguments cannot serve to excuse the plaintiffs from arbitrating their claim against the defendants.

First, the arbitration clause in the contract is unambiguous. It unequivocally provides that "[a]ny controversy or claim relating to this Agreement or the breach hereof shall be settled by arbitration . . ." (emphasis supplied). That means, of course, that whatever grievance the plaintiffs have about the construction of their boat by the defendants must go to arbitration. That being so, the obligation to proceed to arbitration plainly appears to be required by the parties' contract.

Moreover, Maine law provides that such agreements are to be enforced.

> Maine has a broad presumption favoring substantive arbitrability. The presumption requires a finding that the dispute has been subjected to arbitration if (1) the parties have generally agreed to arbitrate disputes, and (2) the party seeking arbitration presents a claim that, on its face, is governed by the arbitration agreement. Because of this strong legislative policy, a court will find a dispute arbitrable unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.

*V.I.P., Inc. v. First Tree Development, LLC*, 2001 ME 73, ¶ 4, 770 A.2d 95, 96 (internal quotations and citations omitted).

Thus, in order to find that the arbitration clause is not applicable to the parties' dispute, the court must find some rule of law that would negate its application because the court cannot say with positive assurance that the arbitration clause does not cover this dispute.

The plaintiffs would say that the cited provisions of the UTPA provide those rules that except the plaintiffs from the application of the arbitration clause. In the court's view, however, UTPA actions are not strictly limited to prosecution in our two trial courts and their factual claims may be subject to arbitration.

First, section 213 which authorizes the filing of a UTPA claim in the Superior or the District Courts does not require or mandate that those forums are the only ones which may resolve a UTPA claim. The language in the section is permissive, i.e., "*may bring an action*," and does not imply exclusivity of these courts over UTPA claims. That being so, an agreement to submit a claim to arbitration, which might be encompassed by the UTPA, neither entails the abrogation of the right to proceed to these courts to prosecute such a claim, nor does it involve a waiver of any right under the statute. Instead, section 214, which prohibits the waiver of the right to pursue a UTPA claim, must have been intended to protect the customer from a contract which would contain such a provision.

Further, if the legislature had wished to protect consumers from arbitration clauses they could have done so. In this regard, it is understood that our UTPA and its jurisprudence often refers to Massachusetts law as precedent. *See, e.g., State v. DeCoster*, 653 A.2d 891, 895-896 (Me. 1995); *Binette v. Dyer Library Assoc.*, 688 A.2d 898, 907 (Me. 1996). There one finds Mass. G. L. c. 93A, § 9(6) which provides:

> Any person entitled to bring an action under this section shall not be required to initiate, pursue or exhaust any remedy established by any regulation, administrative procedure, local, state or federal law or statute or the common law in order to bring an action under this section . . .

This provision has been interpreted to mean that a consumer is under no obligation to participate in arbitration proceedings cited in a contract before proceeding to court with a claim under the Massachusetts version of the UTPA. *Gargano Assoc. v. Snider & Assoc.*, 55 Mass. App. Ct. 256, 260; 770 N.E.2d 506, 510 (2002); *Hannon v. Original Gunite Aquatech Pools, Inc.*, 385 Mass. 813, 816; 434 N.E.2d 611, 613 (1982). No such provision appears in our UTPA, however, suggesting that our legislature has

simply not chosen to protect a consumer who wishes to pursue a UTPA claim from arbitration.

More importantly, requiring the plaintiffs to proceed to arbitration does not waive their right to statutory remedies which may be enforced in this court. Thus, it is plain that the plaintiffs have a grievance with the defendants which concerns the latters' performance in constructing their boat. Just as with the plaintiff in *Buckminster v. Acadia Village,* 565 A.2d 313, 315 (Me. 1989), he can be compelled to arbitrate that claim while he preserves his right, if any, to UTPA remedies which may be awarded here when the case returns for confirmation.

In this regard, at oral argument, defendants' counsel agreed that the plaintiffs' UTPA remedies are not waived by proceeding to arbitration, and that when the UTPA claim is considered by the arbitrator, he will have the authority to order that the defendants pay the plaintiffs' attorney's fees as the UTPA provides, contrary to the arbitration provision in their contract. This is because the UTPA statutory provision on attorney's fees, in the words of counsel, "trumps the arbitration provisions." Moreover, the defendants, through counsel, also stipulated on the record that the unconscionability of the contract's provision requiring the plaintiff/buyer to pay all the costs of arbitration may be reviewed by the arbitrator who, it is to be assumed, may nullify that provision so that that issue will be preserved for the court's review when the arbitrator's decision is here for ratification or modification.

That being so, the primary motivation for avoiding arbitration and the contract's unusual provision that all costs of arbitration be borne by the buyer/plaintiff are answered by the defendants' agreement that that provision is subject to nullification by the arbitrator, that the UTPA provisions on attorney's fees must govern despite what the contract says, and that this important issue is subject to judicial review.

Next, the plaintiffs' argument that they will seek broad equitable sanctions against PBBW and Konitzky, including an injunction against the latter's engagement in the boat-building business, does not persuade the court that this case can be removed from arbitration. This is because, as private parties, the plaintiffs can only seek those remedies which section 213 of the UTPA authorizes for their case. While this statute does authorize equitable relief, including an injunction, in addition to damages, it is plain that such remedies may only be applied to cure the harm to the consumer who brings the action. Instead, if an unfair trade practice affects the public so that that practice ought to be enjoined, the statute provides that the Attorney General is to prosecute those claims. 5 M.R.S.A.A § 209. Indeed, nowhere in the UTPA is there any provision that a private party can act as a prosecutor in the public's behalf and secure remedies which would serve to protect the public. That being the case, it appears that the plaintiffs' proposal that he may seek broad remedies as a result of the defendants' unfair business practices enjoys no support in the statute and will not serve as a basis to remove this case from arbitration.

Also, the fact that the plaintiffs have named Konitzky as an individual defendant does not affect the arbitrability of this contract dispute. While it is true that Konitzky is not a party to the contract and, therefore, not subject to its arbitration provision, he is, nevertheless a principal in PBBW, according to the plaintiffs. Complaint, ¶ 10. In order for him to be held personally liable to the plaintiffs, they will need to pierce the corporate veil and allege sufficient facts that would authorize the court to remove the protection of the corporate form.

The complaint, however, alleges no facts such as the abuse of the corporate form, or any other misleading activity as to the nature of PBBW's status, that would justify piercing the corporate veil. Indeed, the complaint alleges that the acts of the

corporation and Konitzky are to be considered unified. Complaint, ¶¶ 14, 15. Plainly, this allegation is not sufficient to notify the defendants and the court that the plaintiffs are seeking to divorce Konitzky from his corporation and impose personal liability on him under the UTPA or via some other authority by which the plaintiffs may obtain a judgment against him personally. That being so, the plaintiffs cannot cite the circumstance that Konitzky was not a party to the contract as a basis to pursue him individually and separately and avoid arbitration of the parties' claims as required by the arbitration clause in their contract.

In the end, then, the court concludes that it must yield to the clear force of Maine law that the plaintiffs' claim against the defendants is subject to the arbitration clause of their contract because they agreed to this provision and the claim which concerns the construction of the plaintiffs' boat is facially governed by the arbitration clause. *V.I.P., Inc. v. First Tree Development, LLC, id.* Moreover, it appears that even though the plaintiffs will be required to proceed to arbitration, they will not lose the right to secure UTPA remedies, to challenge the offensive text in the arbitration clause requiring them to pay all attorney's fees, and to recover those fees themselves.

Accordingly, the clerk is DIRECTED to make the following entry:

Motion to Stay Proceedings Pending Arbitration is GRANTED. This case is STAYED pending the arbitration.

So ordered.

Dated: March 14, 2005

John R. Atwood
Justice, Superior Court

**Plaintiffs':**
**Eliot Field, Esquire**

**Defendants':**
**Curtis Kimball, Esquire**